00-6088.o1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6088 CR-UUB

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARCO MINUTO,

    Defendant.
_____/

### ORDER DENYING MOTION FOR CONFLICT OF INTEREST HEARING

**This matter** is before this Court on plaintiff's Motion for Conflict of Interest Hearing and to Determine the Status of Murray Richman as Attorney of Record for Marco Minuto, filed January 2, 2001. The Court has considered the motion and all pertinent materials in the file.

While the allegations of the motion attempt to involve, if not implicate, defendant's counsel, the factual allegations do not support same. Viewed in a light most favorable to the government, the factual allegations suggest that defendant may be engaged in improper activities. They suggest that defendant "regularly violated the conditions of his bond by engaging in a continuing course of criminal conduct and failing to comply with the provisions of his house arrest" (paragraph 9 of the motion). This, however, does not require the hearing being sought.

The motion suggests that at least some of this activity occurred at the <u>building</u> housing the law offices of defendant's counsel, located at 2027 Williamsbridge Road. Missing from the motion, however, is activity occurring in the office of counsel. Is this building a one story single office building? Or is it a multi-story office building? It appears more likely to be the latter rather than the former, as carefully constructed statements of the motion seem to infer, such as "this meeting

occurred at the building where the law office of Murray Richman ...is located" (paragraph 15 of the motion).

The government repeatedly suggests with, apparently, ample support, that "Minuto uses the pretext of meeting with his lawyer to participate in a meeting...concerning on-going criminal activity" (paragraph 16 of the motion). This does nothing to in any way implicate his counsel as a witness or participant. The only direct evidence that goes to the issue presented is contained in paragraph 18 of the motion. It involves defendant receiving one telephone call at his attorney's office.

This Court will not require counsel to appear from New York on this evidence, nor will it countenance a "fishing expedition" in this regard, without more. The Court cannot help but note, with interest, that, while the allegations contained in the motion might support a reconsideration of the bond set, no effort in that regard has been made.

Therefore, the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED, without prejudice.**

**DONE AND ORDERED** this __16th__ day of January, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Ursula Ungaro Benages
      Michael J. Dittoe, Esq.
      Murray Richman, Esq.
      Jeffrey Weiner, Esq.
      Bruce Zimet, Esq.
      William J. Hunt, Esq.
      Martin Raskin, Esq.
      Simon Steckel, Esq.
      Antonio E. Martin, Esq.
      Hosey Hernandez, Esq.