UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-6088-CR.
   Ungaro-Benages
  Magistrate Brown

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCO MINUTO,

   Defendant.
_____/

FILED by _____ D.C.
MAG. SEC.
JAN 30 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.  MIAMI

COUNSELS RESPONSE TO MOTION FOR CONFLICT OF INTEREST HEARING TO DETERMINE COUNSELS STATUS AS ATTORNEY OF RECORD FOR MARCO MINUTO

MURRAY RICHMAN, an attorney duly admitted to practice law in the State of New York hereby affirms under penalty of perjury.

I am the attorney for Marco Minuto and maintain offices at 2027 Williamsbridge Road, Bronx, New York, on the 3rd floor of a three story elevator building. I have represented Mr. Minuto since his arrest in the present case.

That an application has been made to disqualify counsel from representing Mr. Minuto. It is interesting to note that it is not with reference to the criminal case before this Court does the alleged conflict is said to arise. It is with reference to a new case in the



ever observed with the defendant and any third party who may have been subject to this new complaint. With the exception that Mr. Minuto made calls from counsel's office, there is no indication of counsel's involvement. None of the conversations intercepted allude to counsel for the defendant. The surveillance of Mr. Minuto clearly indicate that at no time was the defendant in the presence of his attorney when committing the illegal acts alleged.

It is quite clear that while it appears that Mr. Minuto was violating the terms of his bail conditions, in no way was counsel involved directly or indirectly. Aside from the bold face allegation of potential criminal liability no evidence of criminal liability has been demonstrated. Counsel does not become surety for his clients behavior. There is no basis to allege a conflict of interest

WHEREFORE, it is respectfully requested that the motion be summarily denied.

Dated:   Bronx., New York
         January 15, 2001

MURRAY RICHMAN, ESQ.

in our office counsel was on trial in Bronx Supreme Court. That counsel was in La Jolla attending an NYSACDL conference from August 2 through August 5th and in Las Vegas from August 5th to the 9th.

That on September 5, 2000 counsel started the trial of State Senator Espada. That trial was cut short on September 14, 2000 when counsel's wife of 38 years passed away and counsel was not in the office at all for a full week. Upon returning the trial was rescheduled and continued for two months. During that time defendant was advised that his voice had been intercepted from a phone in counsel's office. There is no evidence to indicate that counsel was in any way facilitating Mr. Minuto's violation of the conditions of his release.

Counsel for the government at no time asserts any specific allegations on the part of counsel for the defendant to indicate his alleged participation.

At that time there were 9 attorneys in the office, 4 secretaries and 2 summer interns and a private investigator. At no time does counsel's voice appear on any of the tapes in the new case, nor is there any indication that counsel was in the room during any of the conversations recorded on tape. Furthermore, the charges as previously stated and as set forth in the motion by counsel for the government in no way indicate that I was

United States District Court, Eastern District of New York.

It should be further noted that the U.S. Assistant Attorney Thomas Firestone, of the Eastern District of New York, the AUSA in charge of the case referred to in Mr. Ditto's affirmation has stated unequivocally that he has no evidence of counsel participating in any of the wrongful acts and it cannot be said that counsel facilitated Mr. Minuto's criminal conduct. There is absolutely no evidence set forth that counsel was present during these conversations.

It should be noted that I have been practicing law some thirty six years privately, having been admitted to the Bar on December 22, 1964. I was the Past President of the New York State Association of Criminal Defense Lawyers, having served in that capacity in 1997. I was member of the Board of Directors of the Bronx Bar Association and a member of many Bar groups to numerous to mention.

It should be noted further, that counsel's office occupies a full floor of five thousand (5,000) square feet. That Mr. Minuto listened to the audio tapes in the case before this court in the conference room/library, which is no where close to counsel's office. That virtually the entire period of time that Mr. Minuto was

☐ **Certification By Attorney** certify that the within _____ has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am _____ the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

.................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss.:
I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** _____ in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing _____ and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF BRONX    ss.:    (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at 2027 Williamsbridge Rd., Bronx, NY 10461.
On January 15, 2001    I served the within MOTION FOR CONFLICT OF INTEREST HEARING

☒ **Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein*:

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

```
To: Magistrate Judge Stephen T. Brown
    United State District Court
    Southern District of Florida
    300 N.E. 1st Avenue
    Room 114
    Miami, Florida  33132

    AUSA Mike Dittoe
    United States Attorney's Office
    Southern District of Florida
    Central Region
    Organized Crime Section
    299 East Broward Boulevard
    Fort Lauderdale, Florida  33301
```

Sworn to before me on January 15, 2001

RENIE ARIAS
Notary Public, State of New York
No. 5039960
Qualified in Bronx Co. CARMEN SANTIAGO
Commission Expires 4/30/02