

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO,

    Defendant.

## MARCO MINUTO'S MOTION FOR BOND HEARING

The defendant, Marco Minuto, through undersigned counsel and pursuant to 18 U.S.C. § 3148, respectfully requests a hearing on the government's motion to revoke his bond, filed on December 14, 2000. In support of this motion, undersigned counsel states as follows:

    1.    Marco Minuto was indicted in this case on April 4, 2000. On May 3, 2000, Mr. Minuto was arrested without incident at his residence located at 18 Willow Hill, Upper Saddle River, New Jersey.

    2.    The following day, on May 4, 2000, Mr. Minuto appeared before a Magistrate Judge in New Jersey and was released to his home in New Jersey on a $750,000 property bond. The conditions of the bond permitted Mr. Minuto to reside in New Jersey while his case was pending in the Southern District of Florida.

    3.    On December 14, 2000, the government moved to revoke Mr. Minuto's bond.

BLACK, SREBNICK & KORNSPAN, P.A., 201 SOUTH BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131• (305) 371-6421

-2-

Mr. Minuto was taken into custody and brought before a Magistrate Judge in New Jersey on December 19, 2000. A transcript of that hearing is attached as Exhibit A.

4.  As the transcript of the hearing indicates, the government and Mr. Minuto agreed that "Mr. Minuto would consent to detention as long as that detention is in New Jersey and that he be given an opportunity at some future point in time if he chooses to object to the detention, that he would then file an application . . . with this Court or down in Florida to have an opportunity to challenge the detention order." Exhibit A at 6.

5.  Shortly after the hearing, Mr. Minuto was transferred to the Southern District of Florida, where he has been in custody at FDC-Miami. By this motion, Mr. Minuto respectfully requests that this Court hold a hearing on the government's motion to revoke Mr. Minuto's bond.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421

By: _/s/ Howard M. Srebnick_
**HOWARD M. SREBNICK, ESQ**
Florida Bar Number 919063
Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq. *(by FAX)*
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J,. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: /s/ Howard Srebnick
HOWARD M. SREBNICK, ESQ.
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 SOUTH BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131• (305) 371-6421

```
                                                                    1
 1                  UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY,
 2                   HON. STANLEY R. CHESLER

 3  UNITED STATES,                :
                                  :
 4                    Plaintiff:       Transcript of Hrg
                                  :    December 19, 2000
 5            vs.                 :
                                  :
 6  MARCO MINUTO, et al,          :
                                  :
 7                    Defendants.:

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22                       AMERICAN AUDIO, INC.
                          5 Becker Farm Road
23                     Roseland, New Jersey 07068
                            973-740-0994
24

25
```

EXHIBIT A

```
                                                              2
 1     APPEARANCES:

 2            UNITED STATES OF AMERICA.

 3            BY:   Leslie F. Schwartz, Assistant

 4     U.S. Attorney

 5

 6     MURRAY RICHMAN,

 7     New York Counsel

 8     BY:   William J. Hunt, Esq.

 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

MAY.10.2001 11:58AM   DOERNER & GOLDBERG 973 716 9572         NO.186   P.4

3

1           THE COURT: Okay. It's a Rule 40.
2           Can I have appearances by counsel, please.
3           MS. SCHWARTZ: Yes. Leslie Fay Schwartz,
4  Assistant United States Attorney on behalf of the
5  government.
6           MR. HUNT: Your Honor, William J. Hunt,
7  Hackensack, New Jersey,
8           We respectfully request leave to make a
9  special limited appearance in this proceeding by reason
10 of the fact that Mr. Minuto, who has previously
11 appeared in this court on an initial appearance, was
12 and is represented by Murray Richman of New York. Mr.
13 Richman is unavailable today by reason of his
14 occupation before a court in White Plains. So with the
15 Court's permission, I would like to make that special
16 limited appearance.
17          THE COURT: No objection I gather?
18          MS. SCHWARTZ: No, your Honor.
19          THE COURT: It's a pleasure to welcome you on
20 your limited appearance, Mr. Hunt.
21          MR. HUNT: Thank you, Judge. Always good to
22 see you, sir.
23          THE COURT: All right.
24          Let me hear from the government.
25          MS. SCHWARTZ: Yes, your Honor.

4

1          In April of this year the defendant was
2 indicted along with eight other individuals in the
3 Southern District of Florida on a federal indictment
4 charging racketeering conspiracy, including acts of
5 collection of extortion at extensions of credit,
6 gambling and money laundering. This particular
7 defendant resides in New Jersey, and in May of this
8 past year Judge Heges issued a bail order ordering this
9 defendant post $750,000 in personal property secured by
10 property and also ordering that he be held under house
11 arrest with electronic monitoring. The only reason for
12 him to leave his home was do attend medical
13 appointments and to visit with his attorney as well as
14 for court appearances.
15          Subsequent to that time, in New York, in the
16 Eastern District of New York, there was an
17 investigation going on which resulted in an indictment
18 at the end of November of the particular individual.
19 During the course of that investigation, there were
20 surveillances that were done as well as wiretaps that
21 were conducted. I believe the Court has been furnished
22 with a copy of a motion for a revocation of bail that
23 was filed by the Assistant down in Florida, Michael
24 Ditto, before Judge Brown, the United States Magistrate
25 Judge down there. In light of the particulars set

5

1  forth in that motion, which showed that this particular
2  defendant, although the order was that he was to be on
3  house arrest and to only leave for particular purposes,
4  including visiting his attorney, that he has abused
5  those privileges and basically has been using the
6  occasions where he did visit his attorney's office to
7  conduct criminal activity that is the subject of the
8  indictment against Mr. Lukoff in the Eastern District
9  of New York as well as to specifically violate the
10 provisions of the bail which says he's only to visit
11 with his attorney. On those occasions where he's gone
12 to his attorney's office, he has made telephone calls
13 where he's engaged in criminal conversations with
14 individuals. He has also met with those individuals
15 outside of his lawyer's office and inside his lawyer's
16 office as well as the most egregious example occurred I
17 believed on September 17 where he was specifically
18 given permission to attend a memorial service for his
19 attorney's mother in the upper west side of New York, I
20 believe in the afternoon hours, and in the evening
21 hours he was surveilled in East Meadow New York, which
22 is out on Long Island, twenty-five miles away from his
23 attorney's office. Basically, based upon the order
24 that was issued by United States Magistrate Brown down
25 in Florida and the reasons set forth in the motion as

6

1  well as the charges in this particular indictment in
2  the Southern District of Florida, we believe that there
3  are no conditions that will guarantee the safety of the
4  public. We believe there's probable cause to show that
5  this defendant has engaged in criminal activity and to
6  show that he has violated his bail conditions.
7  Basically we're asking for detention pending his
8  detention down in Florida and his removal down in
9  Florida.
10              From my conversations with Mr. Hunt, I
11 believe it's my understanding that we've come to a
12 resolution that at this point in time that Mr. Marco
13 Minuto would consent to detention as long as that
14 detention is in New Jersey and that he be given the
15 opportunity at some future point in time if he chooses
16 to object to the detention, that he would then file an
17 application, you know, with this Court or down in
18 Florida to have an opportunity to challenge the
19 detention order.
20              MR. HUNT: Judge, thank you.
21              We don't speak to the assertions the
22 government made in supporting the application which I
23 think was made and granted in the Southern District of
24 Florida. We're not contesting that issue at this point
25 in time.

7

1         Counsel for the government speaks correctly
2  when she indicates to the Court that we reached an
3  agreement with respect to custody. Mr. Minuto consents
4  to custody at this point. I spoke with Mr. Ditto,
5  who's the lead prosecutor in the matter in the Southern
6  District of Florida, and we've reached an agreement
7  whereby since counsel for Mr. Minuto is a resident of
8  New York and retains counsel, it would be extremely
9  difficult for him to travel back and forth each time he
10 wanted to talk to his client to go to Florida. So it's
11 been agreed, of course subject to the Court's approval,
12 that Mr. Minuto will stay in custody here, and should
13 he wish to challenge the custody issue, would be
14 obliged to appear before the Court in the Southern
15 District of Florida to make such application as he and
16 counsel consider appropriate at that time.
17         So I think that essentially indicates our
18 agreement with the government's position.
19         I have one request, Judge: Mr. Minuto is
20 obese, a diabetic, he has an advanced state of
21 emphysema, he's in great discomfort at this point in
22 time. He has some medication brought here by his
23 family, and it is his family's opinion, and shared by
24 me, that he needs medical attention.
25         THE COURT: What medication has his family

8

1 brought?

2     MR. HUNT: Hitrin Prostate, the diabetes -- I
3 can't read this.

4     A VOICE: Gogaforce (As heard).

5     MR. HUNT: Gogaforce.

6     THE COURT: Mr. Marshal, please step up. Did
7 the Marshals bring Mr. Minuto's medicine with them when
8 he is brought to the facility and that they advise the
9 facility of Mr. Minuto's medical condition? The
10 Marshalls advise me that in all likelihood the doctors
11 there are going to issue their own medication of a
12 similar nature but will not let him utilize the
13 medicine which he brings with him but at least it's an
14 indication of what he's been taking. I'm going to ask
15 the Marshall particularly to make certain that they
16 move expeditiously with regard to the emphysema inhaler
17 because that would seem to potentially be of some
18 moment, all right?

19     Thank you.

20     MR. HUNT: Thank you, your Honor.

21

22

23

24

25

9

# CERTIFICATE

1  I, JOSEPH F. CHIUSANO, a Notary Public and
2  Certified Shorthand Reporter of the State of New
   Jersey, do hereby certify the foregoing is a true and
3  accurate transcript of the testimony at the time, place
   and on the date hereinbefore set forth.
4          I DO FURTHER CERTIFY that I am neither a
   relative nor employee nor attorney nor counsel of any
5  of the parties to this action, and that I am neither a
   relative nor employee of such attorney or counsel, and
6  that I am not financially interested in the action.

7          Notary Public of the State of New Jersey
           My commission expires June 9, 2002
8          License No. XI 00395

9  Dated:  May 9, 2001