UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCO MINUTO,

   Defendant.

## MARCO MINUTO'S SPECIFIC BRADY REQUEST FOR DEBRIEFING OR PROFFER NOTES, REPORTS, AND COMMUNICATIONS

By Order dated March 28, 2001, this Court set a motion's deadline of June 4, 2001. The Court also set a deadline of July 5, 2001 for the government to respond to all defense motions. Mr. Minuto is aware that the prosecutor in this case is in trial, and anticipates to remain in trial until the end of the month. Mr. Minuto does not expect a response to this request within the 10-day period provided by the Rules and has no objection to the government waiting until July 5, 2001 to respond to this request.

Marco Minuto, through undersigned counsel and pursuant to United States v. Giglio, 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), United States v. Sudikoff, 36 F. Supp. 2d 1196 (C.D.Cal. 1999), Federal Rule of Criminal Procedure 16, and this Court's Standing Discovery Order, requests that this Court direct the government to disclose and provide the following specific information and material:

-1-
BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421

>       The debriefing or proffer notes, reports, and communications
>       by the government's cooperating witnesses or the cooperating
>       witnesses' counsel.

### MEMORANDUM OF LAW

Marco Minuto is charged with racketeering and gambling-related offenses. To prove its case, the government will offer the testimony of various cooperating witnesses who have agreed to testify against Mr. Minuto in exchange for reduced sentences. The bias, motive to lie or exaggerate, and dishonesty of these witnesses will be a central issue for the jury.

Upon information and belief, a number of the government's witnesses have offered varying versions of the events in this case and of their involvement in criminal activities. The notes or reports of proffers by, or debriefings of, cooperating witnesses, whether made by the witnesses or by their counsel, must be turned over to the defense if they contain Brady or Giglio material bearing on the witnesses's credibility.[1] These notes and reports are also admissible at trial to impeach the witnesses's prior inconsistent statements to law enforcement. Sudikoff, 36 F. Supp.2d at 1201. Accordingly, Mr. Minuto requests that they be produced prior to trial.

---

[1] A proffer made by a witness or by the witness's attorney is admissible as a prior statement of the witness. See United States v. Casoni, 950 F.2d 893, 907 (3d Cir. 1991) (holding that a proffer made by a witness's attorney with the witness's knowledge is a prior statement of the witness); Williams v. Union Carbide, 790 F.2d 552, 555 (6th Cir. 1986) ("statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney"); Mason v. Texaco, 129 F.R.D. 542, 547 (D.Kan. 1989) ("a client is bound by the statements of counsel and . . . such statements may be used at trial as substantive and impeachment evidence against the client").

# I
## THE DEBRIEFING OR PROFFER NOTES, REPORTS, AND COMMUNICATIONS MUST BE DISCLOSED PURSUANT TO BRADY

Brady requires that the government disclose evidence that is "favorable" to Mr. Minuto. "[F]avorable evidence is that which relates to guilt or punishment and which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses." Sudikoff, 36 F. Supp.2d at 1199 (citing Brady, 373 U.S. at 87; Giglio, 405 U.S. at 154-55). In the pretrial context, "the government is obligated to disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case." Id. "[T]o the extent that proffers and other information reveal that the witness's proposed testimony may have varied over time, they may reveal inconsistencies relevant to the accomplice witness's credibility and within the scope of Brady." Id. at 1201. Alternatively, "to the extent the proffers and other information reveal the accomplice witness's motives and desire to seek an immunity [or cooperation] agreement, they are relevant to the witness's credibility and within the scope of Giglio." Id. at 1201-02.

As the district court explained in Sudikoff, a cooperation agreement is often the result of extensive negotiations between the government and the witness. Id. at 1202. Experience and common sense teach that this process is often lengthy and carries with it the give-and-take typical of negotiation. During the negotiation process, "it is possible, maybe even likely, that the witness's proposed testimony that was proffered at the beginning of the process differed in some respects from the testimony proffered at the end of the process." Id. It is also likely that "during initial contacts with the government, the witness would proffer a less detailed version of his testimony than he would once it became more likely that an agreement would be reached." Id. Even though such variations "could

stem entirely from the nature of this process, a defendant implicated by the accomplice witness could reasonably argue that they stem from the accomplice witness's tendency to embroider on the truth." Id. Accordingly, "the existence of such variations might reasonably be held to be favorable to the defense." Id.

II
THE DEBRIEFING OR PROFFER NOTES, REPORTS, AND
COMMUNICATIONS MUST BE DISCLOSED PURSUANT TO GIGLIO

The process by which cooperation agreements were reached with government witnesses in this case must be disclosed pursuant to Giglio. When the credibility or reliability of a witness is central to a criminal case, the government must disclose any evidence that impeaches the witness. Giglio, 405 U.S. at 154. This includes evidence of offers or promises that in any respect may motivate a witness to testify for the government. Id. Any doubt as to the usefulness of evidence must be resolved in favor of disclosure. United States v. Agurs, 427 U.S. 97, 108 (1976) ("the prudent prosecutor will resolve doubtful questions in favor of disclosure").

"[I]nformation that illuminates the process leading up to the [cooperation] agreement may 'cast a shadow' on an accomplice witness's credibility in a manner that disclosure of only the agreement itself would not accomplish." Id. at 1203. For example, while cooperating witnesses invariably testify that they are not "expecting" a reduced sentence in exchange for their testimony, negotiations leading up to the agreement will often show that the witness is in fact motivated by the expectation that his sentence will be reduced. Evidence of the negotiation process will reveal how government offers and promises induced and motivated the witnesses to cooperate against Mr. Minuto. In this regard,

"information that reveals the process by which an accomplice witness and the government reach a leniency agreement is relevant to the witness's credibility because it reveals the witness's motive to testify against the defendant." Id. at 1203.[2]

### III.
### CONCLUSION

The credibility of the government's cooperating witnesses will be a central issue for the jury in this case. The debriefing or proffer notes, reports, and communications by the cooperating witnesses or their counsel evidence the bias, motive to lie or exaggerate, and dishonesty of these witnesses. Accordingly, these materials must be produced pursuant to Brady and Giglio.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421

By: /s/ Srebnick For
HOWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Attorney for Marco Minuto

---

[2] This is true even if the negotiation process was really short. "Even if the witness made only one proffer of proposed testimony and the government immediately made an offer of leniency that was immediately accepted, such a proffer is the motivating force behind the leniency agreement and as such can reveal what the witness was willing to do in return for leniency. Again, this information is relevant to the witness's credibility." Sudikoff, 36 F. Supp. 2d at 1203.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___May 22___, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

Hosey Hernandez, Esq.
Counsel for Angel Hernandez
Coconut Grove Bank Building
2701 South Bayshore Drive
Suite 602
Coconut Grove, Florida 33133

By: ___/s/___
HOWARD M. SREBNICK, ESQ.
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421