UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCO MINUTO,

   Defendant.



## MARCO MINUTO'S MOTION TO COMPEL INSPECTION OF PERSONNEL FILES OF TESTIFYING AGENTS AND OFFICERS

Upon information and belief, the case against Mr. Minuto was mounted by a task force of state and federal law enforcement officers. All officers involved in this case have personnel files, kept by their respective agencies. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Kyles v. Whitley, 514 U.S. 419 (1995), Mr. Minuto requests an Order of this Court directing the government to inspect the personnel files of the agents and officers who will testify in this case, and to produce all Brady and Kyles material contained in those files.

Prosecutors have a duty under the Due Process Clause and the doctrine of Brady v. Maryland, 373 U.S. 83 (1963), to disclose evidence that is favorable to the accused and material to either guilt or punishment. United States v. Bagley, 473 U.S. 667, 674 (1985). Evidence impeaching the credibility of a government witness falls under the Brady doctrine. Kyles v. Whitley, 115 S.Ct. 1555 (1995). In Bagley, the Supreme Court made it clear that all material which is probative of a government witness's credibility falls within the ambit of

-1-

Brady:

> In Brady and Agurs, the prosecutor failed to disclose exculpatory evidence. In the present case, the prosecutor failed to disclose evidence that the defense might have used to impeach the Government's witnesses by showing bias or interest. Impeachment evidence, however, as well as exculpatory evidence, falls within the Brady rule . . . . Such evidence is 'evidence that is favorable to an accused' . . . so that, if disclosed and used effectively, it may make the difference between conviction and acquittal.

Bagley, 473 U.S. at 676.

The Ninth and Eleventh Circuits have considered a defendant's right to government inspection of personnel files of testifying agents and officers. In United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), the Ninth Circuit held that once a defendant demands for production of the personnel files of a testifying agent, the government has an obligation to examine the files to determine whether they contain any material that must be disclosed to the defense. Id. at 30-31. In United States v. Quinn, 123 F.3d 1415 (11th Cir. 1997), cert. denied, 523 U.S. 1012 (1998), the Eleventh Circuit held that a defendant may request that the government *inspect* the personnel files of testifying agents and officers, but must show need and particularity before he is entitled to *production* of those files. Id. at 1421-22.

By this motion, Mr. Minuto does not seek *production* of the personnel files of testifying agents and officers. Rather, Mr. Minuto seeks only that the government *inspect* those files to determine whether they contain information that must be disclosed to the defense. This procedure was approved in Quinn. There, the defendant moved the district court for an order directing the government to turn over the personnel files of the testifying officers for impeachment purposes. The Magistrate Judge denied the motion, stating that the government was already obliged to disclose Brady and Giglio material and that the

defendant had not articulated a basis for requesting that the entire personnel file of testifying agents or officers be turned over. The district judge affirmed, adding the following:

> As far as personal [sic] records go, the government has to see if they're . . . Brady or Giglio . . . . Everybody knows that . . . . And I'm not going to tell the government what it has to do. One thing to clarify my position is that the government should be reviewing those records to determine whether this is Brady material at sight, not just to necessarily hand them over.

Id. at 1421.

On appeal, Quinn argued that the district court had "failed to ensure that the government adequately complied with its order with respect to the personnel records of testifying law enforcement officers." Id. The Eleventh Circuit disagreed. The court held that the district judge properly protected the defendant's rights by (1) requiring the government to comply with Brady and Giglio and (2) further requiring the government to review the personnel files to determine whether they contained discoverable material. Id.

As noted above, Mr. Minuto is not requesting *production* of personnel files. Rather, Mr. Minuto simply requests that the government *inspect* the personnel files of all testifying agents and officers for material that must be disclosed to the defense. This would include all acts of misconduct that may tend to show an agent or officer's motive or bias to testify in favor of the government. If such material exists, Mr. Minuto requests

-3-

that it be turned over pursuant to Brady, Giglio, Kyles, and this Court's Standing Discovery Order.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421

By: _____
HOWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 6/1/01, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: _____
**HOWARD M. SREBNICK, ESQ.**
Attorney for Marco Minuto