UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCO MINUTO,

   Defendant.



## DEFENDANT MARCO MINUTO'S MOTION
## TO ADMIT POLYGRAPH EVIDENCE AT TRIAL

The Defendant, MARCO MINUTO, through undersigned counsel, hereby gives notice pursuant to United States v. Piccinona, 885 F.2d 1529 (11th Cir. 1989) (*en banc*) of his intent to offer as evidence at trial the fact that cooperating government witness David Alwais has failed at least three polygraph examinations performed by federal law enforcement agents. Mr. Minuto intends to offer in evidence the questions asked during the examinations, Alwais's answers, and the examiner's conclusions that Alwais was lying. Mr. Minuto urges this Court to admit this evidence at trial.

During his investigation of this case, Mr. Minuto discovered that cooperating government witness David Alwais has failed at least three polygraph examinations. Upon information and belief, the first polygraph examination was performed by the FBI; the other two by the United States Secret Service. This Brady information was not disclosed by the government and, to this date, remains undisclosed. Thus, under separate cover, Mr.

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD. SUITE 1300, MIAMI, FL 33131• (305) 371-6421

Minuto has filed a specific Brady request seeking discovery of all materials pertaining to these three failed polygraph examinations, as well as any other polygraph examination that any government witness may have failed. By this motion, Mr. Minuto seeks to comply with Piccinona and give the government advance notice of Mr. Minuto's intent to offer evidence of the failed polygraph examinations at trial.

After reviewing traditional objections to the admissibility of polygraph evidence and the approaches taken by several circuits, the Eleventh Circuit in United States v. Piccinona, 885 F.2d 1529 (11th Cir. 1989) (en banc), rejected a per se rule of exclusion of polygraph evidence. Finding that juries are not unduly influenced by polygraph evidence, the Court held that such evidence is admissible under two circumstances: 1) where the parties have stipulated in advance regarding the circumstances of the polygraph examination and the scope of its admissibility; and 2) where the evidence is used to impeach or corroborate the testimony of a witness at trial. Id. at 1536. The instant case falls under the second prong: if admitted by the Court, polygraph evidence will be used to impeach cooperating government witness David Alwais.

The Eleventh Circuit is not the first to consider the admissibility of polygraph evidence. Other circuits have admitted polygraph evidence at trial. See United States v. Miller, 874 F.2d 1255, 1261 (9th Cir. 1989) (polygraph may be admissible if offered for some purpose other than the correctness of its result); United States v. Lynn, 856 F.2d 430, 432-433 (1st Cir. 1988) (terms of accomplice-witnesses' plea agreement, including requirement of polygraph test by the government, may be revealed through cross-examination by defendant to show motive of witness to fabricate); Wolfel v. Holbrook, 823 F.2d 970, 972 (6th Cir. 1987), cert. denied, 484 U.S. 1069 (1988) (polygraph result

admissible if relevant "to proof developed by probative evidence" and probative value of polygraph result outweighs prejudicial effect and possibility of juror confusion); United States v. Johnson, 816 F.2d 918, 923 (3rd Cir. 1987) (polygraph admissible to rebut defendant's claim that confession was coerced); United States v. Gordon, 688 F.2d 42, 44 (8th Cir. 1982) (polygraph evidence admissible if parties stipulate admissibility in advance of trial); United States v. Kampiles, 609 F.2d 1233, 1245 (7th Cir. 1979), cert. denied, 446 U.S. 954 (1980) (same).

Pursuant to Piccinona, polygraph evidence used for impeachment or corroboration is admissible when the following elements are satisfied. *First*, the proponent of the evidence must provide pre-trial notice of its intent to offer the evidence. Such notice is provided here. *Second*, the opposing party must be given the opportunity to retain its own expert to administer a polygraph "covering substantially the same questions." The defense intends to offer the results of polygraph testing performed by the government. As we noted above, we believe that one polygraph examination was performed by agents of the FBI, and the other two by agents of the United States Secret Service. Thus, the government has had an opportunity to perform its own polygraph analysis.

Under Piccinona, the polygraph examination of David Alwais, including questions, answers, and the examiner's conclusions, should be admitted for a number of reasons. First, the polygraph test was performed at the government's request by an examiner selected by the government, so there should be no concerns about the examiner's qualifications. Second, David Alwais was polygraphed because the government, not the defense, wanted to ascertain whether Alwais was being truthful. Indeed, upon information and belief, all three polygraph examinations were performed during Alwais's cooperation

with the government in a criminal case, specifically to determine whether Alwais was being truthful. He was not. Third, evidence that Alwais was untruthful on three separate occasions, all of which involved Alwais cooperating with the government in order to receive a reduced sentence -- as he is doing in our case -- bears heavily on Alwais's lack of credibility. The jury is entitled to hear that on three separate occasions, David Alwais lied to the agents and prosecutors who were going to help him get a reduced sentence. If he lied to them, David Alwais is likely to lie to Mr. Minuto's jury, to this Court, and to the agents and prosecutors in this case. The polygraph examinations, including questions, answers, and the examiner's conclusions should be admitted at trial to impeach David Alwais.

        Respectfully submitted,

        **BLACK, SREBNICK & KORNSPAN, P.A.**
        201 South Biscayne Boulevard
        Suite 1300
        Miami, Florida 33131
        (305) 371-6421

By: _____
        **HOWARD M. SREBNICK, ESQ**
        Florida Bar Number 919063
        Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___6/1/01___, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: _/s/ Howard Srebnick_
**HOWARD M. SREBNICK, ESQ.**
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421