UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO,

    Defendant.

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## MARCO MINUTO'S MOTION FOR PRODUCTION OF PRE-SENTENCE INVESTIGATION REPORTS OF COOPERATING GOVERNMENT WITNESSES

The government's case against Marco Minuto is based in large part on the testimony of cooperating government witnesses David Alwais, Alex Torrente, and Marcello Grasso. By this motion, Mr. Minuto respectfully requests that this Court issue an order directing the government to provide him with copies of all Pre-Sentence Investigation (PSI) reports prepared in any criminal case for David Alwais, Alex Torrente, and Marcello Grasso. These reports contain information relevant to the jury's determination of these witnesses' credibility, as well as exculpatory or impeachment information that must be turned over pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

As this Court is aware, the PSI report is instrumental in fashioning an appropriate sentence for defendants in criminal cases. Indeed, "[t]he cornerstone of [the sentencing] decision[ ] is the presentence investigation report prepared by the court's probation officer." Payton v. United States, 679 F.2d 475, 490 (5th Cir. 1982) (Roney, J., concurring in part,

-1-

dissenting in part).  Under Federal Rule of Criminal Procedure 32, the PSI contains the

following:

> (A) information about the defendant's history and characteristics, including any prior criminal record, financial condition, and any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence or in correctional treatment;
>
> (B) the classification of the offense and of the defendant under the categories established by the Sentencing Commission under 28 U.S.C. § 994(a), as the probation officer believes to be applicable to the defendant's case; the kinds of sentence and the sentencing range suggested for such a category of offense committed by such a category of defendant as set forth in the guidelines issued by the Sentencing Commission under 28 U.S.C. § 994(a)(1); and the probation officer's explanation of any factors that may suggest a different sentence -- within or without the applicable guideline -- that would be more appropriate, given all the circumstances;
>
> (C) a reference to any pertinent policy statement issued by the Sentencing Commission under 28 U.S.C. § 994(a)(2);
>
> (D) verified information, stated in a non-argumentative style, containing an assessment of the financial, social, psychological, and medical impact on any individual against whom the offense has been committed;
>
> (E) in appropriate cases, information about the nature and extent of non-prison programs and resources available for the defendant;
>
> (F) in appropriate cases, information sufficient for the court to enter an order of restitution;
>
> (G) any report and recommendation resulting from a study ordered by the court under 18 U.S.C. § 3552(b); and
>
> (H) any other information required by the court.

FED. R. CRIM. P. 32(4).  As Judge Roney of the former Fifth Circuit explained, "[t]he pre-

sentence report describes the defendant's character and personality, evaluates his or her

problems and needs, helps the reader understand the world in which the defendant lives,

reveals the nature of his or her relationships with people, and discloses those factors that

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD., SUITE 1300, MIAMI, FL 33131● (305) 371-6421

underlie the defendant's specific offense and conduct in general. It suggests alternatives for sentencing and the supervision process." Payton, 679 F.2d at 490 (Roney, J., concurring in part, dissenting in part).

In preparing the PSI report, the probation officer meets with the defendant and then verifies as much factual information obtained from the defendant as possible. The probation officer seeks out information about the offense, including the government's version and the defendant's version of what transpired. The probation officer then compiles statements of witnesses, victims, and cooperating defendants, and summarizes them for the court.

The defendant's prior criminal record is outlined in painstaking detail. His prior convictions, as well as the details of the offense(s) he committed in the past, are set out in the report. The defendant's history of failing to appear in court, the manner in which he conducted himself in court in the past, or his lack of respect for the judicial system are also outlined.

Personal and family history is also investigated. Parents and siblings are interviewed. Spouses, former spouses, children, and close friends are questioned about the defendant's personal history and the defendant's character. The probation officer also investigates the defendant's residential, educational, and employment history from the beginning of time until the time the PSI report is prepared. The defendant's physical, mental, and emotional health are assessed. The defendant's use of alcohol or narcotics is probed. The defendant's military record is investigated and documented.

The defendant is ordered to provide the probation officer with a sworn financial statement, which must be verified and corroborated with copies of bills, bank statements,

and other financial documents. Confidentiality waivers are obtained from the defendant so that the probation officer can obtain copies of the defendant's tax returns, his bank statements, and other financial statements.

Finally, the probation officer calculates the defendant's sentence under the Sentencing Guidelines. The probation officer assesses the defendant's role in the offense, his relevant conduct, his acceptance of or refusal to accept responsibility, his obstruction of justice (if any), his failure to abide by the terms of a plea agreement, and other mitigating or aggravating circumstances involved in the offense. Essentially, the PSI report is a thorough background investigation of a defendant in a criminal case.

The sentencing judge relies heavily on the PSI report in making her sentencing determination. Indeed, the Court and the probation officer meet before sentencing to discuss the defendant's background and the probation officer's proposed sentence. The court looks to the probation officer to present her with all information relevant to the sentencing determination.

The Bureau of Prisons, too, relies on the PSI report. The BOP looks to the PSI report to designate the institution where the defendant will serve out his sentence. Security designations are made based on the PSI report. Whether a defendant should receive drug treatment, educational services, social services, or even a furlough depends on what the PSI report states.

The jury who will preside over Mr. Minuto's case is entitled consider the same information this Court considers at sentencing in evaluating the cooperating witnesses' credibility. That information is just as relevant to the jury's determination of credibility as it is to this Court's sentencing determination. The information in the PSI report reveals the

-4-

cooperating witness's ill-gotten assets (and therefore his true bargain with the government), his version of the offense, the government's version of the offense, the cooperating witness's relevant conduct, his past criminal activities, his mitigating or aggravating activities, and his statements accepting or denying responsibility for the actions attributed to him. This information is highly relevant and has a significant tendency to lead to the discovery of impeaching material.

PSI reports must also be turned over because they contain material bearing on the credibility of the government's cooperating witnesses. A defendant in a criminal case "is entitled to material in a probation file that bears on the credibility of a significant witness in the case." United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988). Even when the government is not in actual possession of all probation files and PSI reports of cooperating witnesses, "a prosecutor's office cannot get around Brady by keeping itself in ignorance, or compartmentalizing information about different aspects of the case." United States v. Young, 20 F.3d 758 (7th Cir. 1994). Accordingly, "if [a probation] report contains exculpatory material, that part of the report must be disclosed." United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976).

The Ninth Circuit, sitting en banc, addressed the government's duty to turn over exculpatory and impeachment information in probation files in Carriger v. Stewart, 132 F.3d 463 (9th Cir. 1997) (en banc). Carriger involved a habeas petition based in part on Carriger's claim that the state's failure to produce the Department of Corrections file of the state's cooperating witness violated Brady and Giglio. The Ninth Circuit agreed with Carriger. "[B]efore putting [the cooperating witness] on the stand," the government has "**an obligation . . . to obtain and review [his] corrections file** and to treat its contents in

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421

accordance with the requirements of <u>Brady</u> and <u>Giglio</u>." <u>Id</u>. at 480 (emphasis added). The

panel explained further:

> the prosecutor has a duty to learn of any exculpatory evidence
> known to others acting on the government's behalf. Because
> the prosecution is in a unique position to obtain information
> known to other agents of the government, it may not be
> excused from disclosing what it does not know but could have
> learned . . . . When the government decides to rely on the
> testimony of [a cooperating] witness, it is the government's
> obligation to turn over all information bearing on the witness'
> credibility. This must include the witness' criminal record,
> including prison records, and any information therein which
> bears on credibility.

<u>Id</u>. at 479-80.

Statements by a cooperating witness in his PSI report fall under the Jencks Act and

must be disclosed after the witness testifies at trial. For example, a witness's written

statement of acceptance of responsibility, or his financial affidavit, constitute " statement[s]

. . . of the witness in the possession of the United States which relate[ ] to the subject

matter as to which the witness has testified." <u>See</u> 18 U.S.C. § 3500(b).

Accordingly, Marco Minuto respectfully requests that this Court direct the government

to turn over all PSI reports of its cooperating witnesses. Alternatively, Mr. Minuto requests

that this Court direct the government to review all the probation files and PSI reports of all

cooperating witnesses and produce <u>Brady</u>, <u>Giglio</u>, <u>Kyles</u>, Jencks (when appropriate), and

other discoverable materials contained in the PSI reports and probation files of its

cooperating witnesses. Or, if the Court prefers, the Court can direct that all PSI reports

and probation files of all cooperating witnesses be submitted to the Court for an *in camera*

determination of whether material contained in those files/reports should be produced to

the defense. <u>See</u> <u>Strifler</u>, 851 F.2d at 1201-02 (approving of an *in camera* inspection

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD. SUITE 1300, MIAMI, FL 33131• (305) 371-6421

procedure); <u>Figurski</u>, 545 F.2d at 381-92 (same).

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421


By: _Welcker For_
**HOWARD M. SREBNICK, ESQ**
Florida Bar Number 919063
Attorney for Marco Minuto

-7-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on ___*June 4*___, 2001 a true and correct copy of the

foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: _____
HOWARD M. SREBNICK, ESQ.
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421