UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,            :

    Plaintiff,                      :

v.                                   :

MARCO MINUTO,                        :

    Defendant.                      :

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

## MARCO MINUTO'S MOTION TO DISMISS COUNT FIVE OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS, AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT SIX

Count Five charges that from 1994 to the present, Mr. Minuto conspired to participate in the use of extortionate means to collect and attempt to collect extensions of credit in violation of 18 U.S.C. § 894. Count Six charges a substantive Section 894 offense, and accuses Mr. Minuto of actually using extortionate means to collect and attempt to collect an extension of credit from the owner of Preferred Ticket and Travel, Inc.

Count Five, the conspiracy count, does not allege that Mr. Minuto or any of his alleged co-conspirators took any overt acts in furtherance of this conspiracy. Mr. Minuto submits that an overt act is an element of this offense and that failure to allege an overt act requires dismissal of Count Five. If the Court is not inclined to dismiss Count Five, Mr. Minuto requests that the government particularize the facts and circumstances surrounding this alleged conspiracy as requested below so that Mr. Minuto can have a reasonable opportunity to prepare a defense. Mr. Minuto also requests a bill of particulars as to Count

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421

Six, which charges the substantive Section 894 offense.

Section 894 provides as follows:

> Whoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means (1) to collect or attempt to collect any extension of credit, or (2) to punish any person for the non-repayment thereof, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 894. The Eleventh Circuit has not considered whether a conspiracy to violate Section 894 requires proof of an overt act. Indeed, few cases outline the elements of a Section 894 conspiracy. The Sixth Circuit and the Southern District of New York have indicated that an overt act is an element of a Section 894 conspiracy. United States v. Marchesani, 457 F.2d 1291, 1294 (6th Cir. 1972) (in Section 894 conspiracy trial, district court properly charged jury "that an essential element of the conspiracy charge required a finding that during the existence of the conspiracy, one of the overt acts alleged was knowingly committed by one of the conspirators in furtherance of some object or purpose of the conspiracy"); United States v. Rizzo, 373 F.Supp. 204, 206 (S.D.N.Y. 1973) ("[h]ere a conspiracy to extort under 18 U.S.C. § 894 is charged . . . The essence of the offense is that the conspirators entered into a scheme or plan to extort and committed an overt act in furtherance of that scheme or plan"). Additionally, the District of Connecticut seems to require at least one overt act in furtherance of the conspiracy. In United States v. Curio, 310 F.Supp. 351 (D. Conn. 1970), the court responded to the defendant's challenge to the indictment as follows:

> Defendant's final claim that count two of the indictment fails to allege an overt act knowingly committed in furtherance of the purpose or object of the conspiracy is without merit. Defendants Curcio and Mento are charged in count two with having knowingly conspired to use extortionate means to collect extensions of credit. **As an overt act in furtherance of the conspiracy,** it is alleged that Mento collected payments from one Edward J. Stemper on a bimonthly basis during the period from June 1, 1968 to

-2-

February 1, 1969. More than this is not required as a matter of pleading.
Id. at 360 (emphasis added).

The Second Circuit seems to be the only Circuit where an overt act is not an element of a Section 894 conspiracy. United States v. Smith, 464 F.2d 1129, 1134 (2d Cir. 1972) ("under [Section 894] there is no necessity to set forth overt acts in the indictment"), cert. denied, 409 U.S. 1023 (1972).

Mr. Minuto respectfully submits that an overt act in furtherance of the purpose and object of a Section 894 conspiracy is an element of this offense. An indictment that alleges only an agreement to use extortionate means to collect an extension of credit, without more, is insufficient and does not allege a crime. Count Five sets forth no overt acts committed by Mr. Minuto or any of his alleged co-conspirators in furtherance of the alleged agreement to collect debts by extortionate means. Accordingly, Count Five must be dismissed.

If the Court is not inclined to dismiss Count Five, Mr. Minuto requests that the government provide him with a bill of particulars identifying as to Counts Five and Six the overt acts taken in furtherance of the conspiracy, the extortionate means to be used (Count Five) and actually used (Count Six) in collecting the extensions of credit, the forms of credit to be extended (Count Five) and actually extended (Count Six), and the individuals to whom credit would be (Count Five) and was actually (Count Six) extended.

Based on materials turned over in discovery, we assume that the government's theory of prosecution on Count Five is that the defendants agreed to operate a gambling business and agreed to use force to collect gambling debts. Since the allegations in Count Five are so broad, however, we are unable to determine with more specificity the scope

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421

of the conspiracy the government intends to prove at trial. The government has charged a conspiracy spanning over six years and involving the use of unidentified extortionate means to collect unidentified extensions of credit from unidentified individuals. We find it extremely difficult to effectively prepare to meet the government's proof as to Count Five without some particularity of the facts or circumstances defining this conspiracy.

By this motion, Mr. Minuto requests that the government particularize Counts Five and Six so that we are not faced with mid-trial surprises and an inability to meet the government's proof at trial and effectively cross-examine the government's witnesses. The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy. United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985); United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986). Although this Court has broad discretion in deciding whether to grant a motion for a bill of particulars, "where an indictment fails to set forth specific facts in support of the requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." Cole, 755 F.2d at 760 (citing United States v. Crippen, 579 F.2d 340, 347 (5th Cir. 1978)).

The broad language in Counts Five and Six makes it very difficult and impractical to locate exculpatory evidence and witnesses, and to prepare to effectively cross-examine the government's witnesses at trial. We have some information about the circumstances giving rise to these two Counts, and are preparing for trial based on that limited information. We do not know, however, whether Counts Five and Six cover a wide array of circumstances not specified in the indictment. What we believe the government intends

-4-

to prove at trial, and what the government actually intends to prove, may be two very different things. We seek only to avoid mid-trial surprises and the need for mid-trial recesses. Pre-trial disclosure of the true scope of the offenses charged in Counts Five and Six will allow us to prepare to meet the government's proof and will cause no prejudice to the government or its witnesses.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421

By: _____
**H**OWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___June 4___, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: _____
HOWARD M. SREBNICK, ESQ.
Attorney for Marco Minuto

-6-