UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCO MINUTO,

   Defendant.



## MARCO MINUTO'S MOTION TO DISMISS
## COUNT TWO FOR FAILURE TO STATE AN OFFENSE

Count Two charges Mr. Minuto with conspiracy to launder money. Count Two does not allege that Mr. Minuto or his alleged co-conspirators took any overt acts in furtherance of the purpose and object of the money laundering conspiracy. Mr. Minuto submits that an overt act is an element of the offense of conspiracy to launder money and that Count Two must be dismissed for failure to allege this element of the offense.

Count Two purports to charge Mr. Minuto with conspiring to violate sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) of the money laundering act. In general terms, section 1956(a)(1)(A)(i) makes it a crime to engage in a financial transaction involving ill-gotten funds with the intent to promote a specified unlawful activity. Subsection (A)(i) is referred to as "the promote" prong of the money laundering statute.

Section 1956(a)(1)(B)(i) prohibits engaging in a financial transaction involving ill-gotten funds, knowing that the transaction is wholly or partially designed to conceal the nature, source, location, or ownership of the proceeds of specified unlawful activity.

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD. SUITE 1300, MIAMI, FL 33131• (305) 371-6421

Subsection (B)(i) is known as "the conceal" prong of the statute.

Under section 1956(h), a conspiracy to violate the promote or conceal prongs of the money laundering statute is punished in the same manner and to the same extent as commission of the substantive money laundering offenses.

Count Two does not allege that Mr. Minuto or his alleged co-conspirators took any overt acts in furtherance of the money laundering conspiracy. Instead, Count Two merely alleges that Mr. Minuto and his co-defendants agreed to commit a crime against the United States. Count Two specifies that the purpose and object of this agreement was to violate the conceal and promote prongs of the money laundering statute. No overt acts are alleged.

The Eleventh Circuit has not considered whether a 1956(h) money laundering conspiracy requires proof of an overt act. At least one district judge in the Southern District of Florida (Judge Davis), however, has instructed a jury that a 1956(h) conspiracy requires proof of an overt act. <u>United States v. Quintero</u>, 165 F.3d 831, 837 (11th Cir. 1999) (Judge Davis "instructed the jury that in order to find Quintero guilty of the § 1956(a)(1) conspiracy, it had to find that two or more persons agreed to violate § 1956(a)(1), that Quintero joined the conspiracy, and that one of the conspirators committed an **overt act** in furtherance of the conspiracy") (emphasis added). Additionally, Judge Ray of the United States Bankruptcy Court for the Souther District of Florida recently noted that

> [a] conviction for violation of § 1956(h) requires that the government prove the following three elements: (1) a conspiracy, agreement, or understanding to commit money laundering was formed, reached, or entered into by two or more persons; (2) at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members performed one of the **overt acts** charged in the indictment in order to further or advance the purpose of the agreement; and (3) at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the

purpose of the agreement, and then deliberately joined the conspiracy, agreement or understanding.

In re Financial Federated Title & Trust, Inc., 252 B.R. 834, 836-37 (S.D.Fla. 2000) (emphasis added).

In the Fifth, Eighth, and Tenth Circuits, a 1956(h) money laundering conspiracy requires proof of an over act. United States v. Wilson, 2001 WL 396700 at *11 (5th Cir. April 19, 2001) ("under 18 U.S.C. § 1956(h) . . . [t]he government is required to prove beyond a reasonable doubt that (1) there was an agreement between two or more persons to launder money; (2) the defendant voluntarily agreed to join that agreement; and (3) one of the persons committed an **overt act** in furtherance of the conspiracy") (emphasis added); United States v. Hildebrand, 152 F.3d 756, 762 (8th Cir. 1998) ("to prove [the defendant] conspired to launder money in violation of 18 U.S.C. § 1956(h), . . . the government must establish that the defendant knowingly joined a conspiracy to launder money and [took] an **overt act** in furtherance of that conspiracy") (emphasis added); United States v. Hand, 1995 WL 743841 at *2 (10th Cir. Dec. 15, 1995) ("[t]o prove a conspiracy [under 18 U.S.C. § 1956(h)], the government must prove: (1) the existence of an agreement; (2) to break the law; (3) an **overt act**; (4) in furtherance of the conspiracy's object; and (5) that a defendant willfully entered the conspiracy") (emphasis added).

The Ninth Circuit, and Judge Nickerson of the Eastern District of New York, have held that a 1956(h) money laundering conspiracy does not require proof of an overt act. United States v. Tam, 240 F.3d 797, 802 (9th Cir. 2001) (section 1956(h) does not require the indictment to allege an overt act); United States v. Pacella, 1996 WL 288479 at *2 (E.D.N.Y. May 24, 1996) ("[u]nder 18 U.S.C. § 1956(h), making it a crime to conspire to commit a money laundering offense, there is no requirement of an overt act. The

-3-

indictment need merely track the statute").

Mr. Minuto submits that an indictment charging a conspiracy to launder money must allege that at least one co-conspirator committed an overt act in furtherance of the purpose and object of the conspiracy. Failure to allege this element of the offense makes the indictment defective and subject to dismissal. "In a number of cases, the [Supreme] Court has emphasized two of the protections which an indictment is intended to guarantee . . . These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently appraises the defendant of what he must be prepared to meet, and secondly, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Russell v. United States, 369 U.S. 749, 763-63 (1962); see also United States v. Plummer, 221 F.3d 1298, 1302 (11th Cir. 2000) (indictment which fails to allege elements of the offense is insufficient). Count Two fails to allege that Mr. Minuto or any of his alleged co-conspirators committed any overt acts in furtherance of the purpose and object of the money laundering conspiracy. Accordingly, Count Two must be dismissed.

        Respectfully submitted,

        **BLACK, SREBNICK & KORNSPAN, P.A.**
        201 South Biscayne Boulevard
        Suite 1300
        Miami, Florida 33131
        (305) 371-6421

        By: _/s/ Howard Srebnick_
        HOWARD M. SREBNICK, ESQ
        Florida Bar Number 919063
        Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___6/4___, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: /s/ Howard Srebnick
**HOWARD M. SREBNICK, ESQ.**
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD. SUITE 1300, MIAMI, FL 33131• (305) 371-6421