UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES



UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCO MINUTO, et al.,

   Defendant.

_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT MARCO MINUTO'S
### MOTION TO ADMIT POLYGRAPH EVIDENCE AT TRIAL

  Comes now the United States, and hereby files its response
to Defendant Marco Minuto's motion for the admissibility of
polygraph evidence.

  Minuto is charged with, <u>inter alia</u>, violations of the
Racketeer Influenced and Corrupt Organization Statute (RICO).
Specifically, Minuto is charged with conspiracy to violate RICO,
18 U.S.C. § 1962(d), with the underlying pattern of racketeering
activity consisting of multiple violations involving the
following crimes: illegal gambling, 18 U.S.C. § 1955; money
laundering, 18 U.S.C. § 1956; collecting extensions of credit by
extortionate means, 18 U.S.C. § 894; the sale and receipt of
stolen property, 18 U.S.C. § 659; bank fraud, 18 U.S.C. § 1344;
fraud in connection with identification documents, 18 U.S.C. §
1028; mail fraud, 18 U.S.C. § 1341; the transmission of wagering
information, 18 U.S.C. § 1084; obstruction of justice, 18 U.S.C.

§ 1503; and interference with commerce by extortion, 18 U.S.C. §
1951. These criminal acts arise out of an illegal sports
bookmaking operation conducted by members and associates of the
Luchese Organized Crime Family in South Florida and New York.

In response to its discovery obligations the United States
indicated that David Alwais would be called as a government
witness and that he had received a reduction in his sentence
based on his cooperation in this and other criminal prosecutions.
Minuto seeks the admission of certain polygraph examinations of
Alwais that the Minuto contends is in the possession of the
government.  The government opposes the admission of any
polygraph evidence.

By way of background, Alwais was apparently administered two
polygraph examinations by the United States Secret Service in
connection with an earlier prosecution in which he initially
denied his own criminal involvement.  We are not certain of the
dates of those polygraph examinations but we are making efforts
to obtain the results.  Alwais was not administered any polygraph
examination by the Federal Bureau of Investigation (FBI).

Apparently, based on published news reports concerning
Alwais' testimony in a trial in Atlanta, Alwais several years ago
failed two polygraph examinations administered by the Secret
Service concerning his involvement in a fraud investigation.
This information is based on the public testimony of Alwais in a

federal criminal trial in Atlanta, Georgia.  In that trial,
Alwais admitted that he lied to the Secret Service and that he
failed two polygraph examinations.  The polygraph examinations do
not relate to Alwais' testimony in the instant prosecution,
except in so far as they impact on prior instances of untruthful
conduct.

At the outset, although polygraphs are no longer per se
inadmissible evidence, the United States notes that numerous
courts have recently ruled that polygraph evidence is still
generally not admissible because it does not have the necessary
indicia of scientific reliability under Daubert v. Merrell Dow
Pharmaceuticals, Inc., 509 U.S. 579 (1993), which established the
framework for considering the admissibility of scientific
evidence. See United States v. Gillard, 133 F.3d 809, 814-16
(11th Cir. 1998); United States v. Cordoba, 194 F.3d 1053, 1063
(9th Cir. 1999). See also, United States v. Scheffer, 523 U.S.
303 (1998)(upholding the complete ban on polygraph evidence in
court martial proceedings and calling into serious question the
scientific reliability of polygraph evidence).

In the instant case, however, the question concerning the
admissibility of the questioned polygraph examinations is a non-
issue because the witness Alwais has admitted that he made false
statements in the past to Secret Service.  Thus, because Alwais
has admitted making false there is nothing in his testimony that

3

needs to be impeached by the polygraph. Consequently, under the Eleventh Circuit's decision in United States v. Piccinonna, 885 F.2d 1529, 1536 (11th Cir. 1989), Alwais' polygraph results are not admissible because they will not be used to impeach his testimony in that Alwais has already admitted that he failed to tell the truth to Secret Service in connection with an unrelated fraud investigation. Should Alwais deny this in the instant trial, he could be impeached with his prior trial testimony.

Based on the foregoing, the United States opposes the admissibility of the polygraph examinations that were administered to Alwais by the Secret Service. The United States, however, is undertaking efforts to secure the results of those polygraph examinations and will provide those results to defense counsel when they are received.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court ID #A5500209
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7230

4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this _5^m_ day of July, 2001, to:


Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco


MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

5