UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO MARCO MINUTO'S MOTION TO DISMISS COUNT FIVE, OR ALTERNATIVELY, FOR A BILL OF PARTICULARS AND MOTION FOR BILL OF PARTICULARS AS TO COUNT 6**

Comes now the United States and hereby files its response to the above captioned motions filed by Defendant Marco Minuto.

A. <u>An Overt Act is Not Needed In a § 894 Conspiracy</u>

Defendant Marco Minuto is charged in Count five of the indictment with conspiracy to participate in the use of extortionate means to collect and attempt to collect extensions of credit in violation of 18 U.S.C. § 894. Defendant maintains that the United States must plead and prove an overt act in furtherance of a conspiracy brought under § 894. Defendant's position is without merit, because, unlike the general criminal conspiracy statute, 18 U.S.C. § 371, the criminal conspiracy provision of § 894 makes no mention of an overt act requirement.

In <u>Singer v. United States</u>, 322 U.S. 338, 340 (1945), the Court held that an overt act in furtherance of a conspiracy is

not required if the statute defining the conspiracy offense does not require an overt act. This principle has been consistently applied by the Court in its interpretation of a wide variety of criminal conspiracy statutes. See, e.g., <u>Salinas v. United States</u>, 522 U.S. 52, 63 (1997) (no overt act is needed in a RICO conspiracy). In applying this basic principle of statutory construction to conspiracies to make extortionate collections of debts under § 894, the courts that have <u>expressly</u> addressed the issue have reached the logical conclusion that § 894 conspiracies do not require an overt act for the simple reason that the statute makes no mention of an overt act. In <u>United States v. Smith</u>, 464 F.2d 1129, 1133 (2d Cir. 1972), the Second Circuit held as follows:

> In the first place, this was not an indictment under the general conspiracy section, 18 U.S.C. § 371, which requires the proof of overt acts in a prosecution under that section. This was an indictment under 18 U.S.C. § 894 which provides both for the completed crime as well as the conspiracy and under such a statute there is no necessity to set forth overt acts in the indictment. That overt acts were unnecessary pleaded here does not add to appellants' argument, since the function of the overt act in a conspiracy indictment and trial is simply to manifest that the conspiracy was at work.

Contrary to Defendant's assertion in his memorandum at page 2, the Southern District of New York, which is of course in the Second Circuit, also does <u>not</u> require an over act in a § 894 conspiracy. In <u>United States v. Persico</u>, 621 F. Supp. 842, 874 (S.D.N.Y. 1985), the District Court held that, "[u]nder 18 U.S.C.

2

§§ 892 and 894, the applicable statutes, overt acts need not be pleaded or proved in a conspiracy charge thereunder."

Defendant's claim that the Sixth Circuit's decision in United States v. Marchesani, 457 F.2d 1291, 1294 (6th Cir. 1972) requires the pleading and proof of an overt act is without merit. In that case, as in United States v. Smith, Supra, overt acts were, in fact, plead--most likely because prosecutors were used to dealing with the general conspiracy statutes. The court's discussion of overt acts was in the context of the defendant's argument that the conspiracy was in existence before the then new § 894 had been enacted. The court in its discussion observed that the charged overt acts dealt with conduct occurring after the enactment of § 894 and that, consequently, there was no violation of the ex post facto provisions of the constitution. Thus the discussion of overt acts in Marchesani was not related to whether the government was required to plead and prove the overt act.

Under the plain language of § 894, and the Court's decision in Singer, the United States is not required to either plead or prove an overt act. This is the law for the simple reason that § 894 makes no mention of an overt act.

B. A Bill of Particulars is Not Warranted

Defendant asserts that he is entitled to a Bill of Particulars that sets forth all the facts related to the

3

Defendant's motion for a bill of particulars is without merit and should be denied.

                          Respectfully submitted,

                          GUY A. LEWIS
                          UNITED STATES ATTORNEY

By: _____
     MICHAEL J. DITTOE
     ASSISTANT UNITED STATES ATTORNEY
     Court ID #A5500209
     500 E. Broward Blvd., 7th Floor
     Fort Lauderdale, FL 33394
     Telephone: (954) 356-7255
     Fax: (954) 356-7230