UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO MINUTO'S MOTION TO DISMISS COUNT TWO**

Comes now the United States and hereby files its response to Defendant Marco Minuto's motion to dismiss Count two of the Indictment.

Count two of the indictment charges the Defendant Minuto with a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). Minuto asserts that this statute requires that the government both plead and prove an overt act in furtherance of the conspiracy. Minuto's position is without merit in that Section 1956(h), unlike, 18 U.S.C. § 371, the general conspiracy statute, contains no overt act provision. Moreover, Minuto's position ignores a century of Supreme Court precedent in the area of overt acts and criminal conspiracies.

Title 18, United States Code, Section 1956(h) provides that, "[a]ny person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as

those prescribed for the offense the commission of which was the object of the conspiracy." The plain text of the statute requires no overt act.

On numerous occasions, beginning with the Nash v. United States, 229 U.S. 373 (1913), the Supreme Court has explicitly held that if a federal criminal conspiracy statute does not specifically state that an overt act is required then no such overt act is required. This is so because, at common law, no overt act was necessary in order for a conspiracy to be established. See Bannon v. United States, 156 U.S. 464, 468 (1895)("At common law it was neither necessary to aver or prove an overt act in furtherance of the conspiracy...."

In Singer v. United States, 322 U.S. 338, 340 (1945), the Court again held that an overt act in furtherance of a conspiracy is not required if the statute defining the conspiracy offense does not require an overt act. This principle has been consistently applied by the Court in its interpretation of a wide variety of criminal conspiracy statutes. See , e.g., United States v. Shabani, 513 U.S. 10, 14 (1994)(holding that 21 U.S.C. §846, the drug conspiracy statute, does not require an overt act and conducting a lengthy review of the overt act requirement under federal conspiracy law and holding that in order for an overt act to be required the statute in question must specifically require an overt act); Salinas v. United States, 522

U.S. 52, 63 (1997) (no overt act is needed in a RICO conspiracy).

In applying this century of Supreme Court precedent, the only court that <u>expressly</u> addressed the issue of whether the money laundering conspiracy statute requires proof of an overt reached the logical conclusion that § 1956(h) did not require an overt act for the simple reason that the statute makes no mention of an overt act. In <u>United States v. Tam</u>, 240 F.3d 797, 802 (2001), the Ninth Circuit held as follows:

> Defendants Tam and Ng also assert that the district court erred in finding that the money laundering conspiracy statute does not require the indictment to allege an overt act. This was not error. The language of 18 U.S.C. § 1956(h) is nearly identical to the language of 21 U.S.C. § 846, which the Supreme Court held in <u>United States v. Shabani</u>, 513 U.S. 10, 15 (1994), does not require proof of an overt act.

Thus, under Supreme Court precedent, the government is neither required to plead nor prove an overt act in a money a money laundering conspiracy. <u>United States v. Tam</u>, 240 F.3d at 802.

Defendant's claim that the Fifth, Eighth and Tenth Circuits require the pleading and proof of an overt act in a money laundering case is without merit. Each of the cases cited by the defendant involved an issue concerning the sufficiency of the evidence in which the issue of whether an overt act had to be plead and proved was <u>not</u> raised. Rather, in concluding that the evidence was sufficient to support the money laundering

3

convictions, the cases <u>assumed</u> that an overt act was needed and cited to cases involving section 371 conspiracies for the elements of a criminal conspiracy.[1]

As is often the case, overt acts were, in fact, plead in the cases cited by defendant--most likely because prosecutors were used to dealing with the general conspiracy statutes.[2] The discussions of overt acts in those cases were <u>not</u> related to whether the government was <u>required</u> to plead and prove the overt act. Therefore, those cases have no precedential value under the doctrine of <u>stare decisis</u> for the simple reason that the issue was never raised or decided in the cases relied on by defendant. <u>United States v. L.A. Tucker Truck Lines, Inc.</u>, 344 U.S. 33, 38 (1952)("Even as to our own judicial power or jurisdiction, this Court has followed the lead of Mr. Chief Justice Marshall who

---

[1] <u>United States V. Wilson</u>, 249 F.3d 366, 379 (5th Cir. 2001), relied on by defendant, cited to <u>United States v. Pettigrew</u>, 77 F.3d 1500, 1519 (5th Cir. 1996) a case dealing with a section 371 conspiracy charge. <u>United States v. Hildebrand</u>, 152 F.3d 756, 761 (8th Cir. 1998), relied on by defendant, cited to <u>United States v. Conley</u>, 37 F.3d 970, 976-77 (3d. Cir.1994) a case dealing with a section 371 conspiracy charge. <u>United States v. Hand</u>, 1995 WL 743841 (10th Cir. 1995), an unpublished decision relied on by Defendant, cited to <u>United States v. Hanson</u>, 41 F.3d 580, 582 (10th Cir. 1994) a case dealing with a section 317 conspiracy charge. It is also well settled that unpublished decisions are not given stare decisis effect. <u>See 11th Circuit Rule</u> 36-2.

[2] The court in <u>United States v. Quintero,</u> 65 F.3d 831, 837 (11th Cir. 1999), while discussing a collateral estoppel issue, simply recited, without discussion, the fact that the district judge indicated that an overt act was an element of the conspiracy charge.

4

held that this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silento); United States v. More, 7 U.S. (3 Cranch) 159, 172 (1805)(statement of Marshall, C.J.); Estate of Magnin v. Commissioner, 184 F.3d 1074, 1077 (9th Cir. 1999)( when circuit court panel opinion assumes particular point without discussion, it does not bind future panels on that point); 18 Moore's Federal Practice 3d ¶134.04[5] at page 134-37 (2000)("in order for a decision to be given stare decisis effect with respect to a particular issue, that issue must have been actually decided by the court.")

Under the plain language of § 1956, and the Court's decisions in Shabani, Singer and the above cited cases, the United States is not required to either plead or prove an overt act. This is the law for the simple reason that § 1956 makes no

mention of an overt act. Consequently, Defendant's motion to dismiss Count two of the indictment should be denied.

                    Respectfully submitted,

                    GUY A. LEWIS
                    UNITED STATES ATTORNEY

By: _____
    MICHAEL J. DITTOE
    ASSISTANT UNITED STATES ATTORNEY
    Court ID #A5500209
    500 E. Broward Blvd., 7th Floor
    Fort Lauderdale, FL 33394
    Telephone: (954) 356-7255
    Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 5th day of July, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

7