UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO, et al.,

    Defendant.
_____/

### GOVERNMENT'S RESPONSE TO MARCO MINUTO'S PROFFER RE: PRETRIAL MOTION PERTAINING TO NEW YORK INDICTMENT

Comes now the United States and files its Response to Marco Minuto's Proffer RE: Pretrial Motion Pertaining to New York Indictment.

I  Introduction

Marco Minuto was indicted in the instant prosecution in the Southern District of Florida on April 4, 2000. Approximately one year later, following defendant Minuto's motions to continue the trial settings in this case, Minuto was indicted in the Eastern District of New York on May 29, 2001. Both the New York indictment and the instant prosecution involve charges brought under the provisions of the Racketeer Influence and Corrupt Organization Statute (RICO). Minuto has filed a motion that raises issues concerning double jeopardy. (Minuto's Motion at page 8). Minuto's motion is both procedurally premature and

devoid of substantive merit.  Minuto's motion is premature in that jeopardy has not yet attached and it is devoid of merit because the Florida and New York indictments charge separate crimes.

The essence of the RICO charge in the Southern District of Florida is that Minuto participated in the affairs of an enterprise through a pattern of racketeering activity involving the operation of an illegal sports bookmaking organization in the Southern District of Florida and in New York.  The actual bookmaking office was located in New York and the indictment charges that Minuto used extortion and various types of fraud to execute the illegal bookmaking operation and to invest criminally derived funds in South Florida.

The gist of the New York indictment is that the Minuto participated in a gas tax fraud involving Alex Lukov and other Russian organized crime members and used extortion and fraud to execute that scheme.  The indictment alleges that Lukov operated under the protection of Luchese soldier Marco Minuto.

Although both indictments allege that Minuto used his position in the Luchese organized crime family, neither indictment charges the Luchese family as the criminal enterprise. Thus, both indictments charge different enterprises and different patterns of racketeering activities.  The New York RICO primarily relates to the gas tax fraud and attendant extortion, while the

Florida RICO relates to the illegal bookmaking activities and the extortion associated with that crime.

II <u>Any Double Jeopardy Motion is Premature</u>

Any motion to dismiss the instant, and first indicted, prosecution on grounds of double jeopardy is premature for the simple reason that the defendant has not been placed in jeopardy by the mere return of two indictments. It is well settled that jeopardy does not attach until a jury is both empaneled and sworn. <u>Crist v. Bretz</u>, 437 U.S. 28, 29 (1978); <u>Downum v. United States</u>, 372 U.S. 734, 737-38 (1963). Thus, a defendant may not allege a claim of double jeopardy until <u>after</u> a jury has been empaneled and sworn in the case that the defendant asserts bars his subsequent prosecution. A mere indictment does not cause jeopardy to attach and a defendant may not raise a claim of double jeopardy based on the existence of two indictments. <u>United States v. Hernadez</u>, 94 F.3d 606, 613 (10th Cir. 1996)(a mere indictment in Florida did not cause jeopardy to attach to a subsequent prosecution in Colorado). Consequently, it is beyond peradventure that Minuto's double jeopardy motion is premature. In order for a claim of double jeopardy to be raised a trial must have at least started some place, and this has not yet occurred.

III <u>The Law Of Double Jeopardy</u>

The United States next will briefly address, in a summary fashion, the merits of Minuto's argument concerning double

jeopardy. If the Court desires a more detailed analysis, the United States will file a supplemental memorandum.

A. Double Jeopardy in General

"To support a claim of double jeopardy, a defendant must show that the two offenses charged are in law and fact the same offense." United States v. Futch, 637 F.2d 386, 389 (5th Cir. 1981); United States v. Marable, 578 F.2d 151, 153 (5th Cir. 1978). In determining whether the Double Jeopardy Clause applies, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Caporale, 806 F.2d 1487, 1517 (11th Cir. 1986), cert. denied, 483 U.S. 1021 (1987); United States v. Sturman, 679 F.2d 840, 843 (11th Cir. 1982), cert. denied, 459 U.S. 1171 (1983).

The Blockburger test was recently validated by the Supreme Court in United States v. Dixon, 509 U.S. 688 (1993), which overruled Grady v. Corbin, 495 U.S. 508 (1990), which attempted to expand the Blockburger same elements test to a same conduct test. The Blockburger test for separate offenses may be satisfied if each offense requires proof of a fact that the other does not-even where there is a significant overlap in the evidence used to prove each offense. United States v. Marden, 872 F.2d 123, 125 (5th Cir. 1989); United States v. Pearson, 667

4

F.2d 12 (5th Cir. 1982).

The burden is upon the defendant to come forward with a prima facie non-frivolous claim of double jeopardy. United States v. Loyd, 743 F.2d 1555, 1562-63 (11th Cir. 1984); United States v. Stricklin, 591 F.2d 1112, 1117-18 (5th Cir.), cert. denied, 444 U.S. 963 (1979). Only after the defendant meets his burden of production, does the government bear the burden of persuasion to prove by a preponderance of the evidence that the indictments charge separate offenses. Loyd, 734 F.2 at 1563; Stricklin, 591 F.2d at 1117-18.

B. Double Jeopardy As Applied TO RICO Prosecutions

Successive prosecutions of a defendant under the RICO statute can raise comlex double jeopardy issues. The Eleventh Circuit in the seminal case of United States v. Ruggiero, 754 F.2d 927 (11th Cir.1985) set forth the framework for analyzing double jeopardy claims involving multiple RICO prosecutions. The Ruggiero court held that the crucial inquiry for double jeopardy analysis is whether the activities charged in the two indictments constitute one or two patterns of racketeering activity. This is the critical inquiry because, unlike other criminal statutes, the gist of the RICO statute is the prohibition on a person participating in an enterprise through a pattern of racketeering activity. Ruggiero, 754 F. 2d at 931-32.

In deciding whether the two indictments in question charge

two separate patterns of activities the following factors should be considered:

> 1) whether the activities that allegedly constituted two different RICO pattern[s] occurred during the same time periods;
>
> 2) whether the activities involved the same places;
>
> 3) whether the activities involved the same persons;
>
> 4) whether the two indictments alleged violations of the same criminal statutes;
>
> 5) whether the overall nature and scope of the activities set out in the two indictments were the same.

Id at 932. No one single factor is controlling, and the most important factor is the fifth. Ruggiero, 754 F.2d at 933. Accord, United States v. Ciancaglini, 858 F.2d 923, 930 (3d Cir. 1988); United States v. Dean, 647 F.2d 779, 788 (8th Cir. 1981); United States v. Russotti, 717 F.2d 27, 33(2d Cir. 1983).

The Eleventh Circuit also observed that there is "no reason why one 'racketeering act' may not be part of two different 'patterns of racketeering activity.' The Double jeopardy clause protects a person against successive prosecution for the same crime, not against successive prosecutions for two different crimes that happen to include the same underlying act." 754 F.2d at 934 (emphasis in original).

### IV The Two Indictments Charge Separate Crimes

Although, there is some overlap of times and locations, the Florida and New York indictments clearly charge two separate

crimes. With the exception of the Defendant Marco Minuto, all the person charged in the New York indictment are different from the persons charged in the Florida indictment.

The essence of the RICO charge in the Southern District of Florida is that Minuto participated in the affairs of an enterprise through a pattern of racketeering activity involving the operation of an illegal sports bookmaking organization in the Southern District of Florida and in New York. The actual bookmaking office was located in New York and the indictment charges that Minuto used extortion and various types of fraud to execute the illegal bookmaking operation and to invest criminally derived funds in South Florida.

The gist of the New York indictment is that the Minuto participated in a gas tax fraud involving Alex Lukov and other Russian organized crime members and used extortion and fraud to execute that scheme. The indictment alleges that Lukov operated under the protection of Luchese soldier Marco Minuto.

Although both indictments allege that Minuto used his position in the Luchese organized crime family, neither indictment charges the Luchese family as the criminal enterprise. Thus, both indictments charge different enterprises and different patterns of racketeering activities--the New York indictment focusing on the gas tax fraud and the Florida indictment focusing on illegal bookmaking.

V <u>Conclusion</u>

Defendant Marco Minuto's motion concerning double jeopardy is both procedurally premature and devoid of substantive merit. Accordingly, it should be denied.

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

By: _____
                              MICHAEL J. DITTOE
                              ASSISTANT UNITED STATES ATTORNEY
                              Court ID #A5500209
                              500 E. Broward Blvd., 7th Floor
                              Fort Lauderdale, FL 33394
                              Telephone: (954) 356-7255
                              Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 9Th day of July, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

                                    */s/ Michael J. Dittoe*
                                    MICHAEL J. DITTOE
                                    ASSISTANT UNITED STATES ATTORNEY