UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

**GOVERNMENT'S SURREPLY TO MARCO MINUTO'S
MOTION TO SUPPRESS FRUITS OF WIRETAPS**

Comes now the United States and files its Surreply to the Defendant Marco Minuto's Motion to Suppress Electronic Surveillance Evidence.

**I  Introduction and Proffer of Facts**

The defendant, in his <u>reply</u> memorandum, raises an issue that he had not previously addressed, specifically, the need for a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978) in light of the cooperation of government witness David Alwais.[1] For the reasons set forth in this memorandum, the defendant has failed to establish the need for an evidentiary hearing.

David Alwais cooperated in a variety of criminal cases. Alwais's cooperation in this case was the result of a chance

---

[1] This issue should have been raised in the defendant's initial pleading. As such, it is within the discretion of the court to deny the request for a <u>Franks</u> hearing as being untimely raised. <u>United States v. Smith</u>, 918 F.2d 1501, 1508 (11th Cir. 1990).

encounter he had with Nicolo Mariani and Marcello Grasso on December 15, 1998 at the Driver's License Examining Station. This encounter occurred <u>after</u> the third and final electronic surveillance order was issued on November 16, 1998. Prior to this chance encounter on December 15, 1998, Alwais, who was cooperating in a variety of other investigations, made no mention of any of the targets of this investigation. These facts are in no manner inconsistent with the outline of the Alwais's cooperation given at his sentencing hearing on October 29, 1999 (Exhbibit A to Defendant's Reply memorandum). Alwais, therefore, was not available as a cooperating witness in connection with this investigation prior to December 15, 1998. Consequently, the defendant has failed to demonstrate the need for an evidentiary hearing in that he has failed to demonstrate that Agent Sachs made any false statement.

The United States proffers that David Alwais first met Marcelo Grasso when he was incarcerated with him at Eglin Federal Prison Camp. Similarly, Alwais first met Nicolo Mariani when he was incarcerated with him at the Federal Detention Center (FDC) in Miami. Alwais did not know Grasso, Mariani or any other defendant in this case before he met Grasso and Mariani in prison. Alwais was <u>not</u> engaged in criminal activity with the targets of the investigation prior to meeting Grasso and Mariani in prison.

Alwais was released from incarceration and began cooperating with the government in September of 1998. Grasso and Mariani were also released from incarceration.[2] Alwais made no mention of either Mariani or Grasso in his debriefings with the government because he knew them only from prison and was not involved with them in any criminal acts before he met them in prison.

As previously stated, on December 15, 1998 Alwais met Mariani at the Driver's Licence Examining Station. Alwais also met Grasso there, who was accompanying Mariani. Both Alwais and Mariani were getting licenses following their release from incarceration. Alwais promptly communicated to the government his chance encounter with Mariani and Grasso. On January 19, 1999, Alwais recorded a conversation with Mariani in which Alwais was introduced to Marco Minuto.

At the sentencing hearing for David Alwais the government stated that Alwais began cooperating with the government "in or about the fall of 1998." (Tr. At p. 4, Exhibit A to Minuto's Reply memorandum). This is the only date given in the transcript and is fully consistent with the times set forth above. Thus, the Defendant has completely failed to demonstrate that the affidavits in support of electronic surveillance either contained an intentionally false statement or were made with reckless

---

[2] Grasso had been released for some time while Mariani was released in late 1998.

disregard to the truth. Consequently, under well settled jurisprudence, the defendant is not entitled to an evidentiary hearing.

## II <u>An Evidentiary Hearing Is Not Required</u>

In <u>United States v. Cantu</u>, 625 F. Supp. 656, 664 (N.D. Fl. 1985), <u>aff'd</u>, 791 F.2d 940 (11th Cir. 1986), the court carefully considered the issue of the need for evidentiary hearings on motions to suppress electronic surveillance orders. <u>Id</u>. at 664-66. In its detailed opinion, the court concluded that when the defendant's challenge amounts to an attack on the legal sufficiency of the government's pre-wiretap conduct the court is not required to hold an evidentiary hearing. <u>Id</u>. at 664  In its opinion, the court defined the government's pre-wiretap conduct to include, among other matters, "the legal sufficiency of alternative techniques employed." <u>Id</u>. at 664 & n. 15. Thus the defendant's challenge to the exhaustion requirement should be conducted without holding an evidentiary hearing.

Defendant, however, asserts that Agent Sachs made a material false statement in the affidavit in support of the electronic surveillance order and argues that he is entitled to an evidentiary hearing as a consequence. Defendant's position is without merit and his request for an evidentiary hearing should be denied.

In <u>Franks</u> v. <u>Delaware</u>, 438 U.S. 154 (1978), the Supreme

Court held, under certain limited circumstances, that a defendant has a Fourth Amendment right to challenge the truthfulness of factual statements made in an affidavit supporting a search warrant.

> [W]e hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Id., 438 U.S. at 155-56.

A defendant's ability to challenge the truthfulness of statements in a warrant is very limited, however, and an evidentiary hearing will be granted only if certain stringent procedural requirements are satisfied.

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. <u>There must be allegations of deliberate falsehood or of reckless disregard</u>

>       <u>for the truth, and those allegations must be
>       accompanied by an offer of proof</u>. They
>       should point out specifically the portion of
>       the warrant affidavit that is claimed to be
>       false; and they should be accompanied by a
>       statement of supporting reasons. Affidavits
>       or sworn or otherwise reliable statements of
>       witnesses should be furnished, or their
>       absence satisfactorily explained.
>       <u>Allegations of negligence or innocent mistake
>       are insufficient</u>. The deliberate falsity or
>       reckless disregard whose impeachment is
>       permitted today is only that of the affiant,
>       not of any nongovernmental informant.
>       Finally, if these requirements are met, and
>       <u>if, when material that is the subject of the
>       alleged falsity or reckless disregard is set
>       to one side, there remains sufficient content
>       in the warrant affidavit to support a finding
>       of probable cause, no hearing is required</u>.
>       On the other hand, if the remaining content
>       is insufficient, the defendant is entitled,
>       under the Fourth and Fourteenth Amendments,
>       to his hearing. Whether he will prevail at
>       that hearing is, of course, another issue.

<u>Id</u>., 438 U.S. at 171-72 (emphasis added).

In order for a defendant to make a "substantial preliminary showing" under <u>Franks</u>, it is not enough that he simply prove that a particular statement in an affidavit is false, because a false statement may be due to negligence or innocent mistake by the affiant. Indeed, "[a]llegations of negligence or innocent mistake are insufficient." <u>Franks</u> v. <u>Delaware</u>, 438 U.S. at 171. <u>See also United States</u> v. <u>Cummins</u>, 912 F.2d 98, 101-03 (6th Cir. 1990) (distinguishing between instances of negligence or innocent mistake and deliberate falsehood or reckless disregard for the truth). In order to obtain a <u>Franks</u> hearing, the defendant must

6

make a substantial preliminary showing that the affiant made the false statement knowingly and intentionally, or with reckless disregard for the truth, <u>and</u> that the false statement was necessary to the issuing court's finding of probable cause. <u>United States</u> v. <u>Cummins</u>, 912 F.2d at 101, 103; <u>United States</u> v. <u>Campbell</u>, 878 F.2d 170 (6th Cir.), <u>cert. denied</u>, 493 U.S. 894 (1989).[3]

In <u>United States v. McNeese</u>, 901 F.2d 585, 593-94 (7th Cir. 1990) the court defined the type of evidence which is required to prove the affiant's state of mind:

> [defendant] must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard.

901 F. 2d at 594. Moreover the court held that the omission of facts from an affidavit is material only if it amounts to a deliberate falsehood or reckless disregard for the truth. <u>Id</u>.

Moreover, as observed in <u>United States v. Gotti</u>, 771 F. Supp. 535, 538 (E.D.N.Y. 1991), the Supreme Court in <u>Franks</u>

> was careful to exclude from the embrace of the rule statements which were the result of police negligence

---

[3] Although <u>Franks</u> concerned the validity of a search warrant, it also may appropriately be applied to wiretap applications and orders. <u>See</u> <u>e.g.</u> <u>United States v. Biaggi</u>, 853 F.2d 89, 95 (2d Cir. 1988), <u>cert. denied</u>, 489 U.S. 1052 (1989); <u>United States v. Williams</u>, 737 F.2d 594, 602 & n.5 (7th Cir. 1984), <u>cert. denied</u>, 470 U.S. 1003 (1985); <u>United States v. Brian</u>, 507 F. Supp. 761 (D.R.I. 1981), <u>aff'd</u>, <u>United States v. Southard</u>, 700 F.2d 1, 11-12 (1st Cir. 1983), <u>cert. denied</u> <u>sub nom.</u>, 464 U.S. 823 (1983).

7

in checking or recording facts relevant to a probable cause determination to avoid the misuse of the hearing for purposes of discovery or obstruction.

Only in the rare circumstance where a defendant can show intentional or reckless behavior on the part of the affiant does the Supreme Court permit the defendant to obtain an evidentiary hearing and thereby defeat the presumed validity of the court order. See Franks, 438 U.S. at 155-56; United States v. Giacalone, 853 F.2d 470, 477 (6th Cir.), cert. denied, 488 U.S. 910 (1988).

The defendant claims that Agent Sachs deliberately failed to disclose that Alwais was available as a government witness. The Defendant, however, offers no evidence that Alwais was in contact with the defendants in this investigation at the time the electronic surveillance orders were issued in September, October and November 1998. The transcript of the Alwais sentencing hearing is silent as to when Alwais was in contact with the defendants in this case. As noted above, the government proffers that this contact came about as a result of a chance encounter at the Driver's license Examining station on December 15, 1998. This is not contradicted by any piece of evidence set forth by the defendant.

More to the point, the defendant has not put forth any evidence that would show that Alwais was available as a witness in this investigation at the time of the applications for

electronic surveillance. The sentencing transcript of Alwais simply shows that he was cooperating in a variety of investigations, including a case in Atlanta as well as his own case involving the Gambino organized crime family. Nothing in the sentencing transcript demonstrates that Alwais was available as a cooperating witness in this investigation of the Luchese family at the times the orders for electronic surveillance were requested.

As set forth in detail above, the defendant has failed to shoulder the heavy burden needed to establish good cause to hold an evidentiary hearing on the issue of whether probable cause existed to issue the electronic surveillance orders.

### III Other Newly Raised Issues

Defendant asserts that David Alwais could have introduced an undercover agent just as he introduced a person named Rocco Cologgi. Defendant, therefore, argues that Agent Sachs incorrectly stated that it would not be possible to introduce an undercover agent. Defendant's argument is without merit because Alwais was <u>not</u> cooperating in this investigation until after his chance meeting with Mariani and Grasso on December 15, 1998. Thus, what Alwais could have done is not relevant in this case because he was not cooperating in this matter until after December 15, 1998. The last affidavit was executed on November 16, 1998.

Defendant also asserts that the government did not address the possibility of having a bettor make a bet and not pay, thereby prompting the organization to use violence or threats of violence to collect. This technique would both endanger the bettor and would not disclose the full nature and extent of the criminal enterprise under investigation. Consequently, the fact that it was not used does not vitiate the necessity requirement for an electronic surveillance order. United States v. Van Horn, 789 F.2d 1492, 1496-1497 (11th Cir.), cert. denied, 479 U.S. 854 (1986). See also, United States v. Dennis, 786 F.2d 1029, 1035 (11th Cir. 1986).

**IV. Conclusion**

Defendant Minuto's motion to Suppress the Electronic Surveillance is without merit and should be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court ID #A5500209
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 30th day of July, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY