UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES



UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO MARCO MINUTO'S MOTION FOR SPECIFIC BRADY INFORMATION

Comes now the United States and files its Supplemental Response to Defendant Marco Minuto's Motion for Specific <u>Brady</u> information and incorporates by reference its previously filed response.

At the outset, the United States notes that Defendant Minuto's motion for specific <u>Brady</u> material should be denied for its facial failure to comply with Local Rule 88.9 which requires counsel to meet and confer about the subject matter of the motion before it is filed. Minuto's motion does not contain the required certification.

The United States did conduct two discovery conferences in connection with this case, and at no point did counsel attempt to resolve, or even mention, the issues concerning the <u>Brady</u> matters raised in the motion. Moreover, Defendant's <u>Brady</u> motion is deficient because it fails to specify the <u>Brady</u> information that

has been disclosed, e.g., plea agreements and informant payments. Thus, the motion should be denied in its entirety for a total failure to comply with Local Rule 88.9. This failure should not be excused, because it is not a mere formality but a procedural mechanism to avoid unnecessary discovery litigation.

Moreover, as noted in our prior response, Defendant's Request is not factually specific to this case and thus is not a true request for specific Brady information, but rather looks "more like a set of written interrogatories in a civil case than a motion for specific Brady information...." United States v. Molinaro, 683 F. Supp. 205, 210 (E.D. Wis. 1988), aff'd., 877 F 2d. 1341 (7th Cir. 1989) (denying Brady motion without in camera review). As such, defendant's motion should be denied on procedural grounds. In fact, this type of standardized criminal interrogatory masquerading under the guise of a specific Brady request argues strongly for the strict application of Local Rule 88.9, which is designed to limit discovery disputes of this type.

Furthermore, although the motion is captioned as a Brady request related to cooperating witnesses it requests information concerning all government witnesses and thus is a de facto request for a witness list. It is, of course, well settled that the defendant is not entitled to a witness list. United States V. Copeland, 662 F.2d 1389 (11th Cir. 1981).

1. **Defendant's Request**: The case name and case number of all cases in which the witness has assisted or cooperated with the government, as well as the case name and case number of any trials or hearings in which the witness has testified.

**Government's Response**: The United States has given the case name and number of the case in which Dave Alwais has testified as well as his trial testimony. Any future case in which Alwais may testify is not Brady and the government objects to such disclosure based on the deliberative process privilege. In addition, the government is not required to even disclose the past cases because Brady does not require the government to obtain and disclose evidence which the defense could have obtained from another source through the exercise of due diligence. See, e.g., Weeks v. Jones, 26 F.3d 1030, 1047-47 (11th Cir. 1994); East v. Scott, 55 F.3d 996, 1003-1004 (5th Cir.1995); United States v. Mullins, 22 F.3d 1365, 1371 (6th Cir. 1994); 25 Moore's Federal Practice ¶ 616.06[4], page 616-79-80 (2000).

2. **Defense Request:** All Information detailing whether money was given to the witness or the witness's family friends, or associates in any case, as well as information regarding promises of immunity or leniency, preferential treatment or other inducements made to the witness, of any family member friend or associates of the witness, including the dismissal or reduction of charges, plea negotiations, assisting in matters of sentencing

3

or deportation, or promises or <u>expectancies</u> regarding payments for testimony or <u>eligibility for any award or reward</u>.

**Government's Response**: The United States has disclosed all <u>Giglio</u> information including payments and sentencing reduction possibilities. The underlined portions of the defendant's request, however, do not fall within the scope of <u>Giglio</u>: 1) <u>Plea Negotiations</u>: Disclosure of various position taken prior to the entering of a plea agreement is virtually impossible and is not a benefit. The benefit is what the defendant actually received not the negotiation process and that is the only <u>Giglio</u> material; 2) <u>Expectancies</u>: This requires the government to speculate as to what the witness expects and is not possible because it would require the government to know and speculate about the <u>subjective</u> hopes and feelings of another person and this is not possible; 3. <u>Eligibility for any award or reward</u>: The government knows of none, however, we are not required to investigate to determine if this is a possibility. In any event, no such possibility has been conveyed to any witness. All witnesses were offered various forms of possible government assistance based on their fear of the defendant's in this case.

    3. **Defense Request:** Any information concerning actual or implied threats of investigation or prosecution (for example deportation, exclusion by INS, administrative matters etc.) of <u>any witness</u>, his friends, family members, or associates, as well

4

as information pertaining to the conduct precipitating such investigation or prosecution. **Government's Response**: This request is too vague to answer. The government clearly discussed with potential government witnesses their potential criminal exposure and any promises to the witnesses were reduced to writing. Those promises have been disclosed. Precisely what was said during the course of plea negotiations is not relevant for the reasons set forth above. However, there were no threats made to any government witness other than full prosecution ,e.g., there were no threats of the type that were at issue in United States v. Scheer, 168 F.3d 445, 449 (11th Cir. 1999) (prosecurtor said that if witness did not come through the cuffs would be placed on him in 45 seconds). The defense is asking the government to construct its defense and Brady does not impose this obligation on the government. See e.g., East v. Scott, 55 F.3d 996, 1004 (5th Cir. 1995).

    4. **Defense Request**: Any information provided by a witness that conflicts in part or in whole with information provided by another witness, or prior information provided by the same witness. **Government's Response**: As detailed in the government's first response, this is an effort to contravene the Jenck's Act concerning the production of witness statements. The United States has no obligation to produce such information at this time. Moreover, the defendant is requesting the government to

5

highlight for him inconsistencies in the testimony of government witnesses. The Eighth Circuit has specifically held that the government has no obligation under Brady to conduct this analysis. United States v. Fountain, 83 F.3d 946, 949 (8th Cir. 1996)("Fountain contends nonetheless that the government failed to 'disclose' an inconsistency in the two officers' testimony, that its, that it did not highlight the inconsistencies to defense counsel. The government has no such duty.").

    5. **Defense Request**: All information pertaining to the criminal activities of the witness for which the government has elected, formally, or informally, not to prosecute. **Government's Response:** The United States has disclosed all benefits communicated to cooperating witnesses. This request, as worded, however, goes beyond the scope of Brady and is a de facto request for all criminal acts of government witnesses. As noted in the Government's first response, prior criminal acts of witnesses, not resulting in a conviction and not related to truthfulness, do not have to be disclosed. Moreover, if the government has tentatively and informally decided not to file additional charges, and has not communicated that information to the witness, this information is not exculpatory and falls within the deliberative process privilege. Again all promises and representations to a government witness concerning lenient treatment have been disclosed or will be disclosed. The broad

6

wording of this request is objectionable.

6. **Defense Request:** Information concerning <u>prior misconduct by the witness, including any refusal to testify for or assist the government</u>; any prior allegation that a witness entrapped another person or made a false statements in connection with any investigation; <u>any information suggesting or tending to suggest</u> that the witness or the information supplied by the witness is unreliable or untrustworthy; any prior "Blackballing" of the witness by any law enforcement Agency:

7. **Defense Request**: <u>Information</u> concerning conduct by the witness that <u>reflects</u> on the witness's lack of candor, truthfulness, or <u>law-abiding character</u>.

8. **Defense Request**: All information indicating that the witness, in connection with this <u>or any other case</u>, has provided untruthful, false misleading, incomplete, or inaccurate information or testimony to any <u>state</u> or federal law enforcement officer agency, any <u>state</u> or federal grand jury, or any <u>state</u> or federal court.

**Government's Response**: As worded these requests do not fall within <u>Brady</u>, particularly the underlined portions. As a general rule no person is required to give information to law enforcement (unless subpoenaed), therefore, it is not misconduct to refuse to give information ,e g., to invoke the fifth amendment. The use of the phrase "tending to suggest that a witness is unreliable"

7

could mean anything. The government agrees, however, that if a witness were closed as a cooperating witness because that witness was found to have lied, then that information would be required to be disclosed. This interrogatory like request, with multiple sub-parts, however, goes far beyond that issue. This is not a specific <u>Brady</u> request and goes well beyond the parameters of <u>Brady</u> and its progeny.

For example, the defense request information from <u>state</u> law enforcement agencies and from agencies not involved in the investigation. This request is overly broad. It is well settled that the <u>Brady</u> rule requires the prosecution to produce only that evidence which is in its constructive possession. The United States is <u>not</u> required to produce <u>Brady</u> material that is possessed by an agency over which the prosecutor does not have authority, e.g., agencies not involved in the investigation. <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1178-79 (1st. Cir. 1993)(Brady does not apply to material in the possession of state law enforcement); <u>United States v. Veksler</u>, 62 F.3d 544, 550 (3d Cir. 1995) (Brady does not apply to transcripts of state grand jury); <u>United States v. Capers</u>, 61 F.3d 1100, 1103-04 (4th Cir. 1995) (no duty to disclose diary kept by confidential informant); <u>United States v. Lochmondy</u>, 890 F.2d 817, 823-24 (6th Cir. 1989)(prosecution not obligated to disclose tax returns that are not in its possession); <u>United States v. Skorniak</u> 59 F.3d 750,

755-56 (8th Cir 1995.)(prosecution did not have obligation to subpoena psychiatric records).

The United States should not be required to respond to these requests as they are written.

9. **Defense Request**: Information concerning the nature and extent of assets obtained by the witness in connection with his illegal activities. **Government's Response**: This is relevant only if there was an agreement not to forfeit certain assets. The defendant is free to explore this area on cross examination.

10. **Defense Request:** If given a Polygraph examination, the questions, the answers, and results of the examination, as well as any information concerning the refusal of any witness to a polygraph examination. **Government's Response**: No polygraph examination was given by any law enforcement agency in this case. However, the result of a prior polygraph examination given by another law enforcement agency to David Alwais has been supplied to defense counsel.

11. **Defense Request.** All information revealing any potential impairment of the capacity of any witness to observe, recollect, or testify about the events giving rise to the charges in this case, including any impairments of sight, hearing, memory, language, or other physical or psychological disability.

12. All information indicating that any witness may have suffered from a mental or emotional disease, disorder, illness,

9

or defect at any time during the time span alleged in the indictment or at the time the witness testifies.

    13. All information <u>indicating</u> whether the witness <u>may have</u> used cocaine, marijuana, other controlled substance , or used alcohol to excess at any time during the time span alleged in the indictment filed in this case or at the time the witness testifies.

    **Governments Response**: As worded, these requests do not fall within <u>Brady</u>.  Clearly, however, the government is required to disclose information in its possession that a witness was, in fact, a cocaine user or was a mental incompetent or was blind. The government witnesses Grasso and Torrente are believed to have used cocaine during the course of the conspiracy. Furthermore, Grasso was taking Paxil, an anti-depressive medication,  for a few months and received treatment for gambling addiction.   As

phrased, however, the request is overly broad and should be denied for failure to comply with Local Rule 88.9

          Respectfully submitted,

          GUY A. LEWIS
          UNITED STATES ATTORNEY

By: _____
    MICHAEL J. DITTOE
    ASSISTANT UNITED STATES ATTORNEY
    Court ID #A5500209
    500 E. Broward Blvd., 7th Floor
    Fort Lauderdale, FL 33394
    Telephone: (954) 356-7255

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 1st day of August, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY