UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6088-CR-UNGARO-BENAGES/BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO,

    Defendant.
_____/



## REPORT AND RECOMMENDATION

This matter is before this Court on Defendant Marco Minuto's Motion to Dismiss Count Five or, Alternatively, for a Bill of Particulars, and a Motion for a Bill of Particulars as to Count Six filed June 5, 2001. The Court has reviewed the motion, the response, and all pertinent materials in the file.

## FACTS AND DISCUSSION

Count Five charges that from 1994 to the present, Defendant conspired to participate in the use of extortionate means to collect and attempt to collect extensions of credit in violation of 18 U.S.C. § 894. Defendant seeks to have Count Five charges dismissed because Count Five does not allege Defendant or his alleged co-conspirators took any overt acts in furtherance of this conspiracy. Alternatively, Defendant requests a bill of particulars indentifying as to Counts Five and Six the overt acts taken in furtherance of the conspiracy, the extortionate means to be used (Count Five) and actually used (Count Six) in collecting the extensions of credit, the forms of credit to be extended (Count Five) and actually extended (Count Six), and the individuals to whom credit would be (Count Five) and was actually (Count Six) extended.

### I. Motion to Dismiss

Each of the cases that Defendant cites to in support of his motion are distinguishable from the present issue. In United States v. Marchesani, 457 F.2d 1291, 1294 (6th Cir. 1972), the

1

discussion regarding overt acts did not related to whether an overt act must be plead in the indictment. In <u>United States v. Rizzo</u>, 373 F.Supp. 204 (S.D.N.Y. 1973), the Court was concerned with whether the indictment had to state the name of the person against whom the planned extortion was to have been carried out, and not whether the indictment had to allege an overt act. Indeed, the District Court for the Southern District of New York has held that "[u]nder 18 U.S.C. §§ 892 and 894, the applicable statutes, overt acts need not be pleaded or proved in a conspiracy charge thereunder." <u>United States v. Persico</u>, 621 F.Supp. 842, 874 (S.D.N.Y. 1985) (citing <u>United States v. Smith</u>, 464 F.2d 1129, 1133 (2d Cir. 1972).

In <u>United States v. Curio</u>, 310 F.Supp. 351 (D. Conn. 1970), the indictment charged the defendant with having knowingly conspired to use extortionate means, and the Court held that no more than that was required in the indictment. The Government in the present case did allege that the Defendant knowingly conspired to use extortionate means, and no more than that is required. The cases cited by the Defendant have no precedential value in deciding the present motion.

The plain language of 18 U.S.C. § 894 does not require an overt act. The government cites a string of Supreme Court cases holding that if a federal conspiracy statute does not specifically state an overt act is required then no such overt act is required. See <u>Nash v. United States</u>, 229 U.S. 373 (1913); <u>Singer v. United States</u>, 322 U.S. 338 (1945); <u>United States v. Shabani</u>, 513 U.S. 10 (1994). Thus, this Court finds that the government was not required under §894 to allege that the Defendant or his alleged co-conspirators took any overt acts in furtherance of this conspiracy.

II. **Bill of Particulars**

The purpose of a bill of particulars is threefold: (1) to allow the defendant to prepare a defense; (2) to minimize surprise to the defendant at trial; and (3) to enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense. <u>United States v. Anderson</u>, 799 F.2d 1438, 1441 (11th Cir. 1986), <u>cert. denied sub nom.</u>, <u>Tribune v. United States</u>, 480 U.S. 931 (1987); <u>United States v. Warren</u>, 772 F.2d 827, 837 (11th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1022

(1986); United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985).

A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980), cert. denied, 449 U.S. 1015 (1980). Rather, it "supplements an indictment by providing the defendant with information *necessary* for trial preparation." Anderson, 799 F.2d at 1441 (emphasis in original). Although much of the information Defendant requests would certainly be helpful for him to know in connection with pretrial preparation, this Court finds that it is not necessary.

Where the indictment supplies adequate notice of the offense, a bill of particulars is unnecessary. See United States v. Martell, 906 F.2d 555, 558 (11th Cir. 1990). A Court may properly deny a bill of particulars where the indictment lists the co-defendants and provides notice of the elements of the charged offenses. See United States v. Draine, 811 F.2d 1419 (11th Cir.), cert. denied, 484 U.S. 827 (1987). A defendant is not entitled to detail as to the elements of a charged offense. As the Court noted in United States v. Freeman, 619 F.2d 1112, 1118 (5th Cir. 1980), the Defendant "'confuses [his] Constitutional right to know what offense is charged with his need to know the evidentiary details establishing the facts of such offense' that can be provided through a motion for bill of particulars."

Case law in the Eleventh Circuit provides that the Government is not required to provide the Defendant with the names of any unindicted co-conspirators, more specific acts taken by the Defendant other than those alleged, or the exact times or places of those alleged acts. See United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1991); see also Anderson, 799 F.2d at 1442; United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir.), modified, 801 F.2d 378 (11th Cir.1986). Furthermore, "[a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy." Rosenthal, 793 F.2d at 1227 (defendant charged with RICO conspiracy).

This Court finds that the Indictment, provides the Defendant adequate notice of the charge and a fair and full opportunity to prepare a defense.

## **RECOMMENDATION**

Accordingly, this Court respectfully recommends that Defendant's Motion to Dismiss Count Five or, Alternatively, for a Bill of Particulars, and a Motion for a Bill of Particulars as to Count Six be **DENIED** in its entirety.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro-Benages, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 3d day of August, 2001, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Ursula Ungaro-Benages
      counsel on attached list

## SERVICE LIST

United States v. Marco Minuto, et al.
Case No. 00-6088-Cr-Ungaro-Benages

**Antonio E. Marin, Esq.**
2100 Coral Way
Miami, FL 33145
(305) 857-0209
(305) 854-6107 (Fax)
(*Attorney for Alex Torrente*)

**Hosey Hernandez, Esq.**
Coconut Grove Bank Building
2701 S. Bayshore Drive
Coconut Grove, FL 33133
(305) 859-2222
(305) 858-6097 (Fax)
(*Attorney for Angel Hernandez*)

**Howard M. Srebnick, Esq.**
201 S. Biscayne Blvd.
Miami, Fl 33131
(*Attorney for Marco Minuto*)

**Michael J. Dittoe, AUSA**
U.S. Attorney's Office
500 E. Broward Boulevard
7th Floor
Ft. Lauderdale, FL 33301
(954) 356-7392
(954) 356-7230 (Fax)
(*Attorney for the Government*)

**William J. Hunt, Esq.**
155 Polifly Road
Hackensack, NJ 07601
(201) 457-9200
(201) 996-1669 (Fax)
(*Attorney for Joseph Minuto*)

**Simon T. Steckel, Esq.**
701 Brickell Avenue
Miami, FL 33131
(305) 373-1900
(305) 536-6495 (Fax)
(*Attorney for Marcello Grasso*)

**Bruce A. Zimet, Esq.**
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394
(954) 764-7081
(954) 760-4421 (Fax)
(*Attorney for Nicolo Mariani*)

**Manuel Gonzalez, Jr., Esq.**
782 N.W. 42nd Avenue
Suite 440
Miami, FL 33126
(305) 567-0100
(305) 445-0543 (Fax)
(*Attorney for Nelson Robles*)

**Martin R. Raskin, Esq.**
Raskin & Raskin
Grove Forest Plaza, Suite 206
2937 S.W. 27th Avenue
Miami, FL 33133
(305) 444-3400
(305) 445-0266 (Fax)
(*Attorney for Joseph Minuto*)

**Jeffrey S. Weiner, Esq.**
9130 S. Dadeland Boulevard
Miami, FL 33156
(305) 670-9919
(305) 670-9299 (Fax)
(*Attorney for Chris Greco*)