UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

**GOVERNMENT'S APPEAL AND/OR MOTION FOR RECONSIDERATION OF ORDER REQUIRING THE INSPECTION OF PERSONNEL FILES**

Comes now the United States and files its Appeal and/or Its Motion for Reconsideration of the Magistrate Judge's order requiring the government to inspect the personnel files of government witnesses.

I Introduction

On August 1, 2001, the Magistrate Judge issued an order requiring the government to review the personnel files of all testifying officers and agents for possible exculpatory materials. This decision, in effect, adopts the rule enunciated by the Ninth Circuit in United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), which held that the government's obligation to inspect files arises by virtue of the defendant's request for their production. The Eleventh Circuit in United States v. Quinn, 123 F.3d 1415, 1422 (11th Cir. 1997), explicitly

"decline[d] to follow <u>Henthorn</u>."[1]  Accordingly, the United States asks for reconsideration of this order and/or appeals from the order of the Magistrate Judge to the District Court.

At the outset, the United States notes that all federal law enforcement officers are informed, as part of their regular training, of their affirmative obligation to inform the prosecutor of anything that may be in their personnel file that could adversely affect their credibility.  Similarly, all supervisors of those law enforcement officers are aware of this affirmative obligation.  This requirement has been formalized and reduced to writing.

Thus, all law enforcement officers and their supervisors are aware of this affirmative duty to communicate this information to the prosecutor if it exists.  Given the existence of this policy and practice, and absent any initial showing of materiality by the defense, the prosecution should not be obligated to independently examine the personnel files of all testifying government agents. Requiring the prosecutor in every case to examine the personnel files of all government agents is an unrealistic requirement, given the policy that the government has

---

[1]  The United States cited <u>Quinn</u> in its initial response to the defendant's discovery motions. It, however, did not set forth the procedures that are in place to ensure that impeachment material located in agent personnel files is disclosed to the defense. Thus, the United States urges the court to reconsider its order in light of these procedures as described in this memorandum.

2

instituted to require agents to disclose information in their file that could affect their credibility.

II <u>Argument</u>

The defendant asserts that he is entitled to require the prosecutor to review the files of testifying law enforcement officers for possible exculpatory information without a preliminary showing of materiality. This requirement flies in the teeth of Eleventh Circuit precedent and is not required by law.

In <u>United States v. Quinn</u>, 123 F.3d 1415, 1422 (11th Cir. 1997), the Eleventh Circuit rejected the procedure now urged by the defense in this case and apparently ordered by the Magistrate Judge:

> Quinn urges us to follow <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), which holds that when a defendant requests the personnel files of testifying officers, the government must examine them and disclose material information that is favorable to the defense, and that if the government is uncertain about the materiality of the information, it may submit the information to the trial court for in camera review. The <u>Henthorn</u> court further held that a defendant need not make an initial showing of materiality; the government's obligation to examine files arises by virtue of a defendant's demand for their production. <u>Id</u>. at 31. <u>We decline to follow Henthorn.</u>

123 F.3d at 1415. Accord, <u>United States v. Pitt</u>, 717 F.2d 1334, 1338-39 (11th Cir. 1983).

Thus, the Eleventh Circuit has made it clear that a defendant may not force the prosecution to examine the confidential personnel files of a law enforcement officer by

simply asking that it be done. In this case, the defendant has pointed to no particularized facts that would trigger the need for the prosecution to examine these confidential files. The prosecution, therefore, should not be required to conduct such an examination, particularly considering the procedures that are in place which require agents to disclose to the prosecutor the existence of any information located in their personnel files that could impact on their credibility. Other jurisdictions have similarly rejected the Henthorn rule. See, e.g., United States v. Escobar, 842 F.Supp. 1519, 1530 (E.D.N.Y. 1994). The United States Attorney's Office should, therefore, not be required to examine the personnel files of the agents that may be called as witnesses in this prosecution.

### III Conclusion

The United States requests that the Magistrate Judge's order of August 1, 2001 be rescinded in light of the procedures in place to ensure that impeachment information located in personnel

files is disclosed and that the prosecution not be required to review the personnel files of all testifying agents.

>                       Respectfully submitted,
>
>                       GUY A. LEWIS
>                       UNITED STATES ATTORNEY
>
> By:   *[signature]*
>                       MICHAEL J. DITTOE
>                       ASSISTANT UNITED STATES ATTORNEY
>                       Court ID #A5500209
>                       500 E. Broward Blvd., 7th Floor
>                       Fort Lauderdale, FL 33394
>                       Telephone: (954) 356-7255
>                       Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 7th day of August, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY