UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO,

    Defendant.

NIGHT BOX FILED
AUG 16 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MARCO MINUTO'S APPEAL OF MAGISTRATE'S ORDER DENYING MOTION TO COMPEL INSPECTION OF PERSONNEL FILES OF TESTIFYING AGENTS AND OFFICERS AND MOTION FOR PRODUCTION OF WRITTEN POLICY OF U.S. ATTORNEY'S OFFICE

On July 31, 2001, Magistrate Judge Brown granted Mr. Minuto's motion to compel the prosecutor to inspect the personnel files of law enforcement officers expected to testify at trial. On August 7, 2001, the government moved for reconsideration, arguing that prosecutors do not have an obligation to review the personnel file of testifying agents for impeachment information. In its motion for reconsideration, the government advised the Court that the U.S. Attorney's Office has a written policy requiring all testifying agents to review their own personnel files and inform the prosecutor of any impeaching information that may be contained in those files. On August 8, Magistrate Judge Brown granted the government's motion for reconsideration based "on the [government's] written policy that all agents must advise a prosecutor of anything that may be in their personnel files which could adversely affect their credibility . . . ." [Order Granting Motion for Reconsideration

-1-
BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD., SUITE 1300, MIAMI, FL 33131• (305) 371-6421

-2-

at ¶ 2]. Mr. Minuto objects and requests that he be provided with a copy of this written policy.

Under Kyles v. Whitley, 514 U.S. 419 (1995), a prosecutor has personal duty to search for and disclose exculpatory information in the possession of law enforcement agencies. Id. at 437-38. Indeed, Kyles makes the prosecutor responsible for producing favorable evidence *even if* law enforcement officers fail to bring such evidence to the prosecutor's attention:

> The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police . . . .
>
> Since . . . the prosecutor has the means to discharge the government's *Brady* responsibility . . ., any argument for excusing a prosecutor from disclosing what he does not happen to know about boils down to a plea to substitute the police for the prosecutor, and even for the courts themselves, as the final arbiters of the government's obligation to ensure fair trials.

Id.

Mr. Minuto's motion seeks evidence of dishonesty or untruthfulness in a law enforcement officer's personnel file. If evidence of the officer's dishonesty exists, it is unrealistic to rely on the officer to be candid about his history and disclose his dishonesty to the prosecutor. This is particularly true when the officer knows that evidence of his dishonesty will be turned over to the defendant and will be used on cross-examination at a public trial.

The written policy of the U.S. Attorney's Office notwithstanding, the duty to ensure that favorable evidence is located and turned over to the defense rests with the prosecutor, not with a witness. Whether the government's witness is a civilian or an FBI agent, the

prosecutor has a personal, constitutional obligation to learn of and disclose to the defense any evidence bearing on the witness's lack of honesty or truthfulness. The prosecutor cannot be excused from this obligation simply because his office has a policy requiring law enforcement officers to disclose their dishonesty or untruthfulness.

Magistrate Judge Brown's order granting Mr. Minuto's motion to compel the prosecutor to inspect the personnel files of testifying agents should stand. Alternatively, Mr. Minuto requests that he be provided with the written policy of the U.S. Attorney's Office dealing with this issue. Since a copy has never been provided, we do not know what the policy commands the agents to do. At the very least, this Court should review the policy to ascertain whether it accurately instructs law enforcement agents on their constitutional obligations under <u>Brady</u>.

          Respectfully submitted,

          **BLACK, SREBNICK & KORNSPAN, P.A.**
          201 South Biscayne Boulevard
          Suite 1300
          Miami, Florida 33131
          Ph: (305) 371-6421
          Fx: (305) 358-2006

By: _/s/ [signature] for_
          **HOWARD M. SREBNICK, ESQ**
          Florida Bar Number 919063
          Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2001 a true and correct copy of the foregoing was furnished by fax and mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: /s/ Howard for
**HOWARD M. SREBNICK, ESQ.**
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD., SUITE 1300, MIAMI, FL 33131• (305) 371-6421