UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO,

    Defendant.

NIGHT BOX FILED
AUG 16 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MARCO MINUTO'S APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING HIS SPECIFIC BRADY REQUEST FOR DEBRIEFING OR PROFFER NOTES, REPORTS, AND COMMUNICATIONS

Pursuant to United States v. Giglio, 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Sudikoff, 36 F. Supp. 2d 1196 (C.D.Cal. 1999), Mr. Minuto requested the following specific Brady material:

> The debriefing or proffer notes, reports, and communications by the government's cooperating witnesses or the cooperating witnesses' counsel.

Magistrate Judge Brown has denied this request, except to the extent that the government must turn over Jencks material after a witness testifies at trial. Mr. Minuto respectfully submits that in addition to Jencks materials, he is also entitled under Brady to debriefing or proffer notes and reports reflecting that a witness's account of events changed over time.

Under Brady, the government must disclose evidence that is "favorable" to Mr. Minuto. "[F]avorable evidence is that which relates to guilt or punishment and which tends

-1-

to help the defense by either bolstering the defense's case or impeaching prosecution witnesses." Sudikoff, 36 F. Supp.2d at 1199 (citing Brady, 373 U.S. at 87; Giglio, 405 U.S. at 154-55). In the pretrial context, "the government is obligated to disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case." Sudikoff, 36 F. Supp.2d at 1199. "[T]o the extent that proffers and other information reveal that the witness's proposed testimony may have varied over time, they may reveal inconsistencies relevant to the accomplice witness's credibility and within the scope of Brady." Id. at 1201. Similarly, "to the extent the proffers and other information reveal the accomplice witness's motives and desire to seek an immunity [or cooperation] agreement, they are relevant to the witness's credibility and within the scope of Giglio." Id. at 1201-02.

At least three cooperating witnesses will be testifying for the government. Their credibility will be a critical issue for Mr. Minuto's jury. If the testimony these witnesses proffered at the beginning of their plea negotiations changed over time, Mr. Minuto is entitled under Brady to disclosure of notes and reports of the witness's proffers. Brady, 373 U.S. at 87; Sudikoff, 36 F. Supp.2d at 1199.

The Magistrate Judge's order limiting disclosure to Jencks materials overlooks the government's Brady obligation to disclose exculpatory or impeachment evidence pertaining to cooperating witnesses. Cooperating witnesses in particular, who testify with the hope that the prosecutor will move to reduce their sentence, are more likely to accommodate their recollection of events to fit the government's case. Their desire to curry favor with the prosecutor makes them susceptible to suggestion by the prosecutor or by an agent. If cooperating witnesses have proffered testimony that has changed over time, Mr. Minuto

is entitled to disclosure of the proffered testimony and an opportunity to cross-examine the witness about it. Mr. Minuto respectfully requests that the government be directed to turn over debriefing or proffer notes and reports reflecting that a witness's account of events changed over time.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Ph: (305) 371-6421
Fx: (305) 358-2006

By: _/s/ Hallock for_
 **HOWARD M. SREBNICK, ESQ**
Florida Bar Number 919063
Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _August 17_, 2001 a true and correct copy of the foregoing was furnished by fax and mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

By: _____
**HOWARD M. SREBNICK, ESQ.**
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421