NIGHT BOX
FILED

AUG 16 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO MARCO MINUTO'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT AND GOVERNMENT'S MOTION FOR SECOND EX PARTE IN CAMERA HEARING**

    Comes now the United States and files this Response to the Defendant's <u>Ore tenus</u> Motion and for Disclosure of Confidential Source and for a Second <u>Ex Parte In Camera</u> hearing.

    I.   <u>Introduction and Summary of Argument</u>

    The defendants are charged with violations of the Racketeer Influenced and Corrupt Organizations Statute (RICO), 18 U.S.C. § 1961(d), involving acts of violence, extortion, fraud and illegal sports bookmaking. The defendants are members and associates of the Luchese Organized crime Family.

    The defendant Minuto asserts that one of the confidential sources used in obtaining the court authorized electronic surveillance was his attorney. The government, however, has not

been provided with the factual basis for this assertion.[1] The defendant also asserts that the government invaded the defense camp both by having a confidential source attend a defense strategy meeting and by having a confidential source meet with the defendant Minuto.

The government believes that defendant has failed to put forth sufficient facts to establish the existence of an attorney client relationship with any person the defendant alleges to be a confidential informant. Following the return of the indictment in this case, the government never requested any confidential informant to attend any defense strategy meeting or to meet with any defendant.

Moreover, the prosecution team in this case, in accord with standard practice, undertook measures to insulate themselves from any information confidential sources may have learned from any defendant at any meeting any confidential source may have been forced to attend in order not to disclose his or her identity. Any contact, post indictment, with confidential sources in this case would have been at the request of the defendant. No privileged defense strategy information that may have been learned by any confidential sources at any meeting was ever

---

[1] The factual basis for establishing an attorney client relationship may be proffered without disclosing attorney-client communications. Thus there is no sound basis for withholding this information from the government.

disclosed to the prosecution team. Consequently, no defendant in this case has been prejudiced and no governmental misconduct occurred. Weathorford v. Bursey, 429 U.S. 545, 555-556 (1977); United States v. Ofshe, 817 F.2d 1508, 1515 (11th Cir. 1987); United States v. Voigt, 89 F.3d 1050, 1067 (3d. Cir. 1986); United States v. Kennedy, 225 F.3d 1187, 1195 (10th Cir. 2000).

It may be the case that the defendants intentionally contacted possible sources in such a manner as to manufacture a legal issue that would not have existed but for the defendants' own actions. In order to fully inform the Court concerning these most recent allegations by the defense, the United States requests an ex parte in camera hearing in order to fully and completely inform the Court of the facts and circumstances in this case. Following this presentation, the Court would be in a position to determine whether the identity of any source needs to be disclosed. The government opposes disclosure, in part, because this may be a legal issue manufactured by the defendants in order to force the disclosure of a source in this organized crime prosecution.

II. Attorney-Client Privilege

It is well settled that the "party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." United States v.

Schaltenbrand, 930 F.2d 1563, 1562 (11th Cir. 1991). United States v.Kelly, 569 F.2d 928, 938 (5th Cir. 1978). In order to show that communications made to an attorney are within the privilege, it must be shown that the communication was made to a member of the bar confidentially and in the attorney's professional capacity for the purpose of securing legal advice or assistance. In Re Grand Jury Investigation 842 F.2d 1223, 1225 (11th Cir. 1987)(holding that preparation of tax returns by an attorney does not constitute legal advice, but that tax advice unrelated to tax return preparation, may constitute legal advice); In re Grand Jury Subpoena, 831 F. 2d 225, 227-28(11th Cir. 1987)(holding that closing statements, purchase contracts and records of funds in the possession of an attorney were not privileged). See also, In re Grand Jury Proceedings 517 F.2d 666, 670 (5th Cir. 1975).

It is well settled that the basic facts related to the Lawyer-Client relationship are generally not privileged. See United States v. Leventhal, 961 F.2d 936, 941 (11th Cir. 1992); 3 Weinstein's Federal Evidence, § 503.14[4], pages 503-41 through 54.1 (2000)(collecting cases). Consequently, the defendant should be required to set forth specific facts in order to assert the claim of attorney client privilege. To date, the defendant has failed to communicate this information to the government. Thus, the defendant has failed to demonstrate the existence of

any attorney-client privilege.

It is well settled that the attorney client privilege does not protect communications made in furtherance of a crime or fraud. <u>United States v. Zolin</u>, 491 U.S. 554, 562-63 (1989; <u>In re Grand Jury Investigation</u>, 842 F.2d 1223, 1226 (11th Cir. 1987). All the information set forth in the affidavits in support of the electronic surveillance orders relate to on going criminal conduct. Consequently, no information related by any confidential source could be construed as a privileged communication even if there were an attorney client relationship.

### III. <u>Disclosure of The Identity of A Confidential Source is Not Required</u>

The defendant has moved the court to require the government to disclose whether any source in this case was an attorney. This is in, effect, a motion to disclose the identity of confidential sources. It is well settled that because of the crucial role occupied by confidential informants in detecting on going criminal activity, and the danger posed to those persons by organized crime members and other criminals, the identity of those persons should generally remain confidential. <u>Roviaro v. United States</u>, 353 U.S. 53, 62 (1957).

The court considers three factors in deciding whether to vitiate the privilege and order disclosure of persons who confidentially provide information to the law enforcement

officers: 1) The persons's degree of involvement in the crime; 2) The helpfulness of the disclosure to the defense; and 3) The government's interest in non-disclosure. This review may be undertaken <u>ex parte</u> and <u>in camera</u>. <u>United States v. Gutirez</u>, 931 F.2d 1482, 1490 (11th Cir. 1991); <u>United States v. Orozco</u>, 982 F.2d 152, 155 (5th Cir. 1993); Accord. <u>United States v. Vargas</u>, 931 F.2d 112, 116 (1st Cir. 1991); <u>United States v. Mabry</u>, 953 F.2d 127, 131-32 (4th Cir. 1991); <u>United States v. Curtis</u>, 965 F.2d 610, 614 (8th Cir. 1992); <u>United States v. Martinez</u>, 979 F.2d 1424, 1426 (10th Cir. 1992).

In applying this test to the circumstances in this case, it is clear that disclosure is not required. As set forth in the affidavits, all information supplied by confidential sources in support of the electronic surveillance orders related to on going criminal acts. Consequently, the question of whether any source was or was not an attorney is not relevant as a matter of law. Thus, the defendant's motion for disclosure should be denied.

    IV.  <u>There was no Invasion of the Defense Camp</u>

The defendant asserts that, following the return of the indictment, a person whom the defendant asserts is a confidential source met with defendant on several occasions and attended one joint defense strategy meeting. The defendant asserts that this was an invasion of the defense camp and that the indictment should be dismissed. The defendant's position is without merit.

The Supreme Court has held that, in order to protect his or her identity, a confidential source may attend a joint defense strategy meeting so long as any information learned by that source is not communicated to the prosecution team. <u>Weathorford v. Bursey</u>, 429 U.S. 545, 556 (1977)(no violation of the sixth amendment or governmental misconduct when informant attended joint defense strategy meeting, at the request of the defendant, in order to avoid raising the suspicion that he was the confidential informant because no information from that meeting was communicated to the prosecution team).

The prosecution team in this case, in accord with standard practice, undertook measures to insulate themselves from any information any confidential sources may have learned from any defendant at any meeting any confidential source may have been forced to attend in order not to disclose his or her identity. Any contact, post indictment, that may have occurred with any confidential source in this case was would have been at the request of the defendant. No defense strategy information that may have been learned by any confidential source at any meeting was ever disclosed to the prosecution team. Consequently, no defendant in this case has been prejudiced and no governmental misconduct occurred. <u>Weathorford v. Bursey</u>, 429 U.S. 545, 555-556 (1977); <u>United States v. Ofshe</u>, 817 F.2d 1508, 1515 (11th Cir. 1987)(attorney used as informant, but no sixth amendment

violation because no information communicated to prosecution team). Accord. United States v. Voigt, 89 F.3d 1050, 1067 (3d. Cir. 1986); United States v. Kennedy, 225 F.3d 1187, 1195 (10th Cir. 2000).

The defendant's position that the government invaded the defense camp is without merit and should be denied as a matter of law. However, in order to insure that the court is fully aware of all the facts, the United States requests that it present information concerning these allegations ex parte and in camera to the Court. It is well settled that the Court may for compelling reasons consider matters ex parte and in camera. United States v. Gutirez, 931 F.2d 1482, 1490 (1991); United States v. Orozco, 982 F.2d 152, 155 (5th Cir. 1993); Accord. United States v. Vargas, 931 F.2d 112, 116 (1st Cir. 1991); United States v. Mabry, 953 F.2d 127, 131-32 (4th Cir. 1991); United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992); United States v. Martinez, 979 F.2d 1424, 1426 (10th Cir. 1992) (allowing in camera proceedings concerning informants). United States v. Phillips, 664 F.2d 971, 999-1004 (5th Cir. 1981)(mid-trial ex parte communications with government attorneys proper concerning collateral investigations related to the trial); United States v. Duggan, 743 F.2d 59, 73-78 (2d Cir. 1984); United States v. Baida, 827 F.2d 1458, 1462-1464 (11th Cir. 1987) (holding that ex parte review of motions to suppress proper in

criminal prosecutions based on evidence obtained under the Foreign Intelligence Surveillance Act is proper).

Consequently, it is proper for the United States to make an <u>ex parte</u> presentation to the Court concerning the allegations of the invasion of the defense camp. The <u>ex parte</u> presentation will be made, in part, by a government attorney who does <u>not</u> have responsibility for the prosecution of the case.

The defendant's assertion that the United States invaded the defense camp is without merit. Any contact, post indictment, with any confidential source that may have occurred in this case would have been at the request of the defendant. No defense strategy information that may have been learned by any confidential source at any meeting was ever disclosed to the prosecution team. Consequently, no defendant in this case has been prejudiced and no governmental misconduct occurred.

V. <u>Conclusion</u>

The Defendant's Motion concerning disclosure of confidential sources should be denied. The Government requests that it be

permitted to make an <u>ex parte in camera</u> presentation concerning the allegations of the defendant.

>Respectfully submitted,
>
>GUY A. LEWIS
>UNITED STATES ATTORNEY
>
>By: *[signature]*
>MICHAEL J. DITTOE
>ASSISTANT UNITED STATES ATTORNEY
>Court ID #A5500209
>500 E. Broward Blvd., 7th Floor
>Fort Lauderdale, FL 33394
>Telephone: (954) 356-7255
>Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this <u>16th</u> day of August, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

                                                  _____
                                                  MICHAEL J. DITTOE
                                                  ASSISTANT UNITED STATES ATTORNEY