UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO MARCO MINUTO'S APPEAL FROM MAGISTRATE JUDG'E BROWN ORDER DENYING MOTION TO DISMISS COUNT FIVE, OR ALTERNATIVELY, FOR A BILL OF PARTICULARS AND MOTION FOR BILL OF PARTICULARS AS TO COUNT 6**

Comes now the United States and hereby files its response to the Marco Minuto's Appeal from Magistrate Judge Brown's order denying the Defendant's Motions to Dismiss and Denying the Defendant's Motion for a Bill of Particulars.

A. <u>An Overt Act is Not Needed In a § 894 Conspiracy</u>

Defendant Marco Minuto is charged in Count five of the indictment with conspiracy to participate in the use of extortionate means to collect and attempt to collect extensions of credit in violation of 18 U.S.C. § 894. Defendant maintains that the United States must plead and prove an overt act in furtherance of a conspiracy brought under § 894. Defendant's position is without merit, because, unlike the general criminal conspiracy statute, 18 U.S.C. § 371, the criminal conspiracy

provision of § 894 makes no mention of an overt act requirement.

On numerous occasions, beginning with the Nash v. United States, 229 U.S. 373 (1913), the Supreme Court has explicitly held that if a federal criminal conspiracy statute does not specifically state that an overt act is required then no such overt act is required.  This is so because, at common law, no overt act was necessary in order for a conspiracy to be established.  See Bannon v. United States, 156 U.S. 464, 468 (1895)("At common law it was neither necessary to aver or prove an overt act in furtherance of the conspiracy...."

In Singer v. United States, 322 U.S. 338, 340 (1945), the Court again held that an overt act in furtherance of a conspiracy is not required if the statute defining the conspiracy offense does not require an overt act.  This principle has been consistently applied by the Court in its interpretation of a wide variety of criminal conspiracy statutes. See , e.g., United States v. Shabani, 513 U.S. 10, 14 (1994)(holding that 21 U.S.C. §846, the drug conspiracy statute, does not require an overt act and conducting a lengthy review of the overt act requirement under federal conspiracy law and holding that in order for an overt act to be required the statute in question must specifically require an overt act); Salinas v. United States, 522 U.S. 52, 63 (1997) (no overt act is needed in a RICO conspiracy).

2

In applying this basic principle of statutory construction repeatedly annunciated by the Supreme Court to conspiracies to make extortionate collections of debts under § 894, the courts that have <u>expressly</u> addressed the issue have reached the logical conclusion that § 894 conspiracies do not require an overt act for the simple reason that the statute makes no mention of an overt act. In <u>United States v. Smith</u>, 464 F.2d 1129, 1133 (2d Cir. 1972), the Second Circuit held as follows:

> In the first place, this was not an indictment under the general conspiracy section, 18 U.S.C. § 371, which requires the proof of overt acts in a prosecution under that section. This was an indictment under 18 U.S.C. § 894 which provides both for the completed crime as well as the conspiracy and under such a statute there is no necessity to set forth overt acts in the indictment. That overt acts were unnecessary pleaded here does not add to appellants' argument, since the function of the overt act in a conspiracy indictment and trial is simply to manifest that the conspiracy was at work.

Contrary to Defendant's assertion in his memorandum at page 2, the Southern District of New York, which is of course in the Second Circuit, also does <u>not</u> require an over act in a § 894 conspiracy. In <u>United States v. Persico</u>, 621 F. Supp. 842, 874 (S.D.N.Y. 1985), the District Court held that, "[u]nder 18 U.S.C. §§ 892 and 894, the applicable statutes, overt acts need not be pleaded or proved in a conspiracy charge thereunder."

Defendant's claim that the Sixth Circuit's decision in <u>United States v. Marchesani</u>, 457 F.2d 1291, 1294 (6th Cir. 1972) requires the pleading and proof of an overt act is without merit.

3

In that case, as in <u>United States v. Smith</u>, <u>Supra</u>, overt acts were, in fact, plead--most likely because prosecutors were used to dealing with the general conspiracy statutes. The court's discussion of overt acts was in the context of the defendant's argument that the conspiracy was in existence before the then new § 894 had been enacted. The court in its discussion observed that the charged overt acts dealt with conduct occurring after the enactment of § 894 and that, consequently, there was no violation of the <u>ex post facto</u> provisions of the constitution. Thus the discussion of overt acts in <u>Marchesani</u> was not related to whether the government was required to plead and prove the overt act.

Under the plain language of § 894, and the Court's decision in <u>Singer</u>, the United States is not required to either plead or prove an overt act. This is the law for the simple reason that § 894 makes no mention of an overt act.

B. <u>A Bill of Particulars is Not Warranted</u>

Defendant asserts that he is entitled to a Bill of Particulars that sets forth all the facts related to the extortion charges in Counts 5 and Counts 6. Defendant's position is without merit in that he is seeking evidentiary detail to which he has no legal entitlement.

The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable to enable

adequate defense preparation and to minimize surprise at trial and to enable the defendant to plead double jeopardy in a subsequent prosecution. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)("Generalized discovery...is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill."); United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)).

Defendant Minuto is seeking the disclosure of specific evidentiary detail. In a conspiracy case such as this, the disclosure of this type of evidentiary detail would create a de facto rule mandating open file discovery. This is neither the function nor the purpose of a bill of particulars. In United States v. Colson, the Eleventh Circuit affirmed a district court's denial for a bill of particulars that requested similar information now sought by Defendant Minuto. 662 F.2d at 1391. As correctly decided by Magistrate Judge Brown, the information requested by the defendant is the type of evidentiary detail that

is not the proper subject of a motion for a bill of particulars.

Defendant's motion for a bill of particulars is without merit and should be denied.

Respectfully submitted,

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: /s/ Michael J. Dittoe
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court ID #A5500209
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 19th day of August, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY