UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO, et al.,

        Defendant.
_____/

NIGHT BOX FILED
AUG 20 2001
CLARENCE MADDOX
CLERK, USDC / SDFL

**GOVERNMENT'S RESPONSE TO DEFENDANT MARCO MINUTO'S APPEAL FROM MAGISTRATE JUDGE BROWN'S ORDER DENYING DEFENDANT'S MOTION TO REQUIRE THE PROSECUTION TO INSPECT PERSONNEL FILES**

Comes now the United States and files its Response to Defendant Marco Minuto's Appeal from the order of Magistrate Judge Brown denying the defendant's motion to require the government to inspect the personnel files of government witnesses.

## I Introduction

On August 1, 2001, the Magistrate Judge issued an order requiring the government to review the personnel files of all testifying officers and agents for possible exculpatory materials. This decision, in effect, adopted the rule enunciated by the Ninth Circuit in <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), which held that the government's obligation to inspect files arises by virtue of the defendant's request for their production. The Eleventh Circuit in <u>United States v. Quinn</u>, 123 F.3d 1415, 1422 (11th Cir. 1997), explicitly

"decline[d] to follow Henthorn." Accordingly, the United States asked for reconsideration of this order.

The magistrate Judge granted the government's motion for reconsideration, in light of the fact that all federal law enforcement officers are informed, as part of their regular training, of their affirmative obligation to inform the prosecutor of anything that may be in their personnel file that could adversely affect their credibility.

All law enforcement officers and their supervisors are aware of this affirmative duty to communicate this information to the prosecutor if it exists. Given the existence of this policy and practice, and absent any initial showing of materiality by the defense, the prosecution should not be obligated to independently examine the personnel files of all testifying government agents. Requiring the prosecutor in every case to examine the personnel files of all government agents is an unrealistic requirement, given the policy that the government has instituted to require agents to disclose information in their file that could affect their credibility.

Magistrate Judge Brown correctly granted the government's motion for reconsideration and correctly ordered that the prosecutor should not be required to inspect the personnel files of testifying government agents.

2

II <u>Argument</u>

The defendant asserts that he is entitled to require the prosecutor to review the files of testifying law enforcement officers for possible exculpatory information without a preliminary showing of materiality. This requirement flies in the teeth of Eleventh Circuit precedent and is not required by law.

In <u>United States v. Quinn</u>, 123 F.3d 1415, 1422 (11th Cir. 1997), the Eleventh Circuit rejected the procedure now urged by the defense in this case:

> Quinn urges us to follow <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), which holds that when a defendant requests the personnel files of testifying officers, the government must examine them and disclose material information that is favorable to the defense, and that if the government is uncertain about the materiality of the information, it may submit the information to the trial court for in camera review. The <u>Henthorn</u> court further held that a defendant need not make an initial showing of materiality; the government's obligation to examine files arises by virtue of a defendant's demand for their production. <u>Id</u>. at 31. <u>We decline to follow Henthorn.</u>

123 F.3d at 1415. Accord, <u>United States v. Pitt</u>, 717 F.2d 1334, 1338-39 (11th Cir. 1983).

Thus, the Eleventh Circuit has made it clear that a defendant may not force the prosecution to examine the confidential personnel files of a law enforcement officer by simply asking that it be done. In this case, the defendant has pointed to no particularized facts that would trigger the need for the prosecution to examine these confidential files. The

prosecution, therefore, should not be required to conduct such an examination, particularly considering the procedures that are in place which require agents to disclose to the prosecutor the existence of any information located in their personnel files that could impact on their credibility. Other jurisdictions have similarly rejected the Henthorn rule. See, e.g., United States v. Escobar, 842 F.Supp. 1519, 1530 (E.D.N.Y. 1994). The United States Attorney's Office should, therefore, not be required to examine the personnel files of the agents that may be called as witnesses in this prosecution.

Alternatively, defendant Minuto asserts that he should be entitled to review the internal government documents implementing the above described Giglio policy. Although the United States would agree to submit such documents in camera we oppose their production in this case. It is well settled that a criminal defendant is not entitled to internal government documents that touch upon his or her case. Fed. R. Crim. Pro. 16(a)(2); United States v. Mann, 61 F.3d 326, 332 (5th Cir. 1995); United States v. Williams, 998 F.2d 258, 269 (5ht Cir.1993).

Moreover, internal governmental policies of the type described in this memorandum do not confer any legally enforceable right upon a criminal defendant. United States v. Caceres, 440 U.S. 741 (1979). Consequently, the United States should not be required to produce its written Giglio policy.

4

Such production would create a precedent in requiring the routine production of government documents and this would adversely affect the ability of the government to conduct its internal policy making and implementing functions. Furthermore such documents are subject to the deliberative process privilege and need not be produced.

III Conclusion

The defendant's Appeal from Magistrate Judge's Brown's order granting the government's motion for reconsideration should be denied.

                          Respectfully submitted,

                          GUY A. LEWIS
                          UNITED STATES ATTORNEY

By: _____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court ID #A5500209
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 20th day of August, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY