UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6088-CR-UNGARO-BENAGES

NIGHT BOX
FILED
AUG 20 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO, et al.,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO MARCO MINUTO'S APPEAL FROM MAGISTRATE JUDGE BROWN'S ORDER DENYING REQUEST FOR PRODUCTION OF PROFFER, NOTES REPORTS AND COMMUNICATIONS**

Comes now the United States and files its resposne to Marco Minuto's Appeal from Magistrate Judge Brown's denying his request for production of proffer notes, reports and communications.

A. **Introduction**

Defendant Minuto asserts that he is entitled to proffer notes and reports of interviews of all government cooperating witnesses. Minuto asserts that these reports might contain prior inconsistent statements of a witness and thus may be used to impeach the testimony of the witness. These reports, however, are not statements made by the witness and it is, therefore, grossly unfair to use those reports to impeach the witness in that they are not statements of that witness. Because these reports may not be used to impeach a witness, there production is not required under well settled case law.

In support of the proposition that the government is

required to produce the reports of interview, Minuto cites <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D.Cal. 1999). This decision, however, is inconsistent with controlling Eleventh Circuit authority on the nature of impeaching information under <u>United States v. Giglio</u>, 405 U.S. 150 (1972) and should not be followed by this Court. Indeed, research has revealed no reported decision that has followed <u>Sudifoff</u> in the two years since it was authored. Defendant's motion is without merit and should be denied by the Court.

In order to place the Defendant's motion in its proper constitutional perspective, the United States will briefly review what the constitution does and does not require the government to produce to the defendant.

B. **<u>Brady Does Not Require Open File Discovery</u>**

It is well established that defendants have no general constitutional right to discovery. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 52 (1987); <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977). The decisions in <u>Brady</u> and its progeny do not create a right to discovery, but rather are based on the sound constitutional principle that the government should not be permitted to convict a person through the suppression of evidence, e.g., secret deals with witnesses or evidence indicating that another person might have committed the crime. <u>United States v. Bagley</u> 473 U.S. 667, 675 (1985); <u>United States</u>

v. Agurs, 427 U.S. 97 (1976). See also United States v. Beasley, 576 F.2d 626, 630 (5th Cir. 1978), cert denied, 440 U.S. 947 (1979)(Brady is "a rule of fairness and minimum prosecutorial obligations).

The Court has repeatedly emphasized that the Brady rule doses not require the prosecution to deliver its entire file to the defense. Kyles v. Whitley, 115 S.Ct. 1555, 1567 (1995); Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987); United States v. Bagley, 473 U.S. 667, 675 (1985); United States v. Agurs, 427 U.S. 97, 109 (1976).

### C. Only Constitutionally Defined Material Evidence Should Be Disclosed to the Defendant

The due process clause of the constitution requires the government to disclose only information that is material to guilt or to punishment and that is admissible at trial. The Court in Wood v. Bartholomew, 516 U.S. 1, 6 (1995), recently made this point abundantly clear when it held that the failure of the state of Washington to disclose to the defense that a government witness had failed a polygraph examination was not a Brady violation because the results of the polygraph examination were inadmissible in the state of Washington. The Court ruled that there was no Brady violation precisely because the complained of evidence was not admissible at the trial of the defendant and consequently not material evidence within the ambit of the Brady

3

rule. Id. Moreover, the Court has specifically ruled that "the mere possibility that an item of undisclosed evidence might have helped the defense...does not establish 'materiality' in the constitutional sense." United v. Agurs, 427 U.S. 99, 109-110 (1976).

Similarly, the Eleventh Circuit in Mills v. Singletary, 63 F.3d 999, 1015 (11th Cir. 1995), cert denied, 517 U.S. 214 (1996), held that the Brady rule was not violated when the government failed to disclose to the defense that a government witness had admitted that he had stolen a gun in the past with the intent to kill someone. The Court found that there was no Brady violation because this information was of dubious admissibility to impeach the government witness and was not admissible at trial. Thus, under Wood and Singletary, Giglio impeachment materials need be disclosed only if they are admissible to impeach the testimony of a government witness.

### D. Reports of Interview Are Not Admissible At Trial to Impeach the Testimony of the Person who Was Interviewed

In this case, many cooperating defendants were interviewed by law enforcement agents. These interviews were reduced to Reports of Interview know as FD-302's. These documents do not contain verbatim statements of the person being interviewed, but are rather summaries of what the witness said based on the rough notes of the agent.

4

It is well settled that a law enforcement agent's reports of interview may not be used to impeach the testimony the witness who was interviewed because such reports do <u>not</u> constitute witness statements under 18 U.S.C. § 3500 or Fed. R. Crim. Pro. 26.2. Because these reports are not the statement of the witness their production is disfavored because they "would threaten the witness with impeachment on the basis of statements that they did not make." <u>United States v. Judon</u>, 581 F.2d 553, 555 (5th Cir. 1977).

In <u>United States Martinez</u>, 87 F.3d 731 (5th Cir. 1996), the district court ordered the government to produce an agent's report of what a witness had told the agent. The government resisted production and perfected a pre-trial appeal of the court's decision. 87 F.3d at 734. The Court reversed and reaffirmed its holding in <u>Judon</u> that reports of interviews by agents do not constitute Jencks Act material. Thus the holding in <u>Judon</u> remains valid and the United States is not obligated to disclose agent summary reports of witness interviews. <u>United States v. Martinez</u> 87 F.3d at 739.

Because an agent's report of an interview is not attributable as a witness statement, it may not be used to impeach the testimony of that witness. Consequently, such reports do not fall within the constitutional definition of

material evidence that must be disclosed to the defendant.[1]

E. **Conclusion**

The Defendant's Appeal from the order of Magistrate Judge Brown denying his request for the production reports of interview should be denied.

>
> Respectfully submitted,
>
> GUY A. LEWIS
> UNITED STATES ATTORNEY
>
> By: _____
> MICHAEL J. DITTOE
> ASSISTANT UNITED STATES ATTORNEY
> Court ID #A5500209
> 500 E. Broward Blvd., 7th Floor
> Fort Lauderdale, FL 33394
> Telephone: (954) 356-7255

---

[1] As the court noted in United States v. Martinez, 87 F.3d at 739, there is the possibility that reports of witness interviews may contain exculpatory material, however, the mere fact they could be used to impeach a witness on some point does not require the report to be disclosed. Rather the report need only be disclosed if it clearly shows a material difference between the information given during an interview and the witnesses statement at trial e.g., an initial interview in which a witness denied his or her criminal responsibility. In this regard the, the government notes that Grasso initially denied his responsibility, and this report of interview has already been disclosed to the defense.

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, this 20th day of August, 2001, to:

Howard M. Srebnick, Esq.
Black, Srebnick & Kornspan, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Counsel for Marco Minuto

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394
Counsel for Nicolo Mariani

William J. Hunt, Esq.
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601
Counsel for Joseph Minuto

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601
Counsel for Chris Greco

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY