UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NIGHT BOX FILED
AUG 20 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO,

    Defendant.

**MARCO MINUTO'S APPEAL OF MAGISTRATE'S ORDER GRANTING IN PART AND DENYING IN PART MR. MINUTO'S MOTION FOR PRODUCTION OF IMPEACHMENT AND "BAD ACTS" MATERIALS PERTAINING TO COOPERATING WITNESS, INCLUDING DAVID ALWAIS**

The government's case against Mr. Minuto is based in large part on the testimony of cooperating government witnesses. Among them is David Alwais. During a pretrial detention hearing held on December 20, 1996 before Judge Snow in the case of United States v. David Alwais, Case No. 96-6205-Cr-Roettger (Southern District of Florida), the government argued that Mr. Alwais should be detained because he posed a threat to the safety of the community. According to the government, the FBI had taped conversations of David Alwais threatening to kill people or to perform heinous acts to their private body parts. Also according to the government, David Alwais had threatened and intimidated witnesses, and had told them to lie.

Pursuant to Kyles v. Whitley, 514 U.S. 419 (1995), United States v. Bagley, 473 U.S. 667 (1985), United States v. Agurs, 427 U.S. 97 (1976), United States v. Giglio, 405

-1-
BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421

U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959), and Federal Rule of Criminal Procedure 16, Mr. Minuto requested production of the following impeachment material pertaining to cooperating government witness David Alwais:

> (1) A copy of every tape recording with its corresponding transcript in which David Alwais is speaking about harming people or damaging property, or in which any person is speaking about David Alwais harming people or damaging property.
>
> (2) All reports outlining how David Alwais obstructed justice, intimidated or threatened witnesses, or told witnesses to lie if called to testify before the grand jury.

The Magistrate Judge denied this request. The Magistrate also denied Mr. Minuto's request that the government disclose prior bad acts committed by cooperating witnesses for which the witnesses have not been prosecuted. The Magistrate ruled that Mr. Minuto was only entitled to bad acts (1) directly bearing on the witness's credibility, or (2) with respect to which the government has offered the witness benefits based on the witness's cooperation.

Mr. Minuto's jury is entitled to know that David Alwais, one of the government's star witnesses, threatened to kill and seriously harm people who owed him money. The jury is also entitled to know that Alwais obstructed justice and told people to lie if called before the grand jury investigating Alwais. If Alwais told witnesses to lie in his case, Alwais is likely to follow his own advise and lie to Mr. Minuto's jury.

Mr. Minuto's jury is also entitled to know whether any government witness, including Alwais, has committed crimes, is under investigation for committing crimes, or is

-2-

"suspected" of committing crimes for which the witness has not been prosecuted. A witness is motivated to curry favor with the government if he has committed crimes for which he has not been prosecuted. This is true even if the crime does not involve lack of truthfulness or dishonesty, and even if no formal agreement not to prosecute has been reached. In this context, the issue is the witness's bias, not his character. Mr. Minuto seeks disclosure of prior uncharged crimes to expose the bias of the witness, not to attack the witness's character in contravention of Federal Rule of Evidence 608. Bias is almost always relevant and at issue. United States v. Abel, 469 U.S. 45, 52 (1984) (noting that proof of bias is "almost always relevant" to a jury's assessment of "the accuracy and truth of a witness' testimony"). Mr. Minuto requests that he be provided with information pertaining to bad acts for which a government witness has been or is being investigated and for which the witness has not been prosecuted.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421

By: /s/ Howard Srebnick
HOWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _August 21_, 2001 a true and correct copy of the foregoing was faxed and mailed to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plains, New York 10601

By: _/s/ Howard Srebnick_
**HOWARD M. SREBNICK, ESQ.**
Attorney for Marco Minuto