UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6088-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                               **ORDER**

MARCO MINUTO,
    Defendant.
_____/

FILED by _____ D.C.
AUG 2 4 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

THIS CAUSE is before the Court upon Marco Minuto's Motion to Dismiss Count V or, Alternatively, for a Bill of Particulars, and a Motion for a Bill of Particulars as to Count VI filed June 5, 2001.

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge. A Report and Recommendation ("Report") dated August 3, 2001 has been filed, recommending that the Motions be denied in their entirety. Defendant Marco Minuto filed his Objections on August 16, 2001 and the Government filed its Response on August 20, 2001.

THE COURT has conducted a *de novo* review of the Motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial. *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981); *United States v. Bascaro*, 742 F.2d 1335, 1365 (11th Cir. 1984). According to Defendant Marco Minuto's Objections, he seeks a bill of particulars as to Counts Five and Six because they "fail to identify the alleged extortionate means, the alleged extension of credit, and the alleged victims of the crime." Obj. at 1. Thus, the Defendant seeks a bill of particulars to confirm his assumptions that the terms "extortionate means" and "extensions of credit" as used in Counts Five and Six of the Indictment refer to the "use[] of physical force" and "gambling debts," respectively. *Id.* at 2.

In addition, Defendant requests for the Government to confirm his "assumption that the government will attempt to prove only one incident of alleged use of physical force, and that is the

alleged incident with Hoard Berg charged in Count Six." *Id.* at 2. By seeking verification that Howard Berg is the victim at issue, Defendant is in effect attempting to obtain a witness list. It is well established that Defendant has no right to such a list. *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976).

The denial of a bill of particulars rests within the sound discretion of the trial court. *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987) (citing *United States v. Hawkins*, 661 F.2d 436, 451-52 (5th Cir. 1981)). Although the indictment in this case could perhaps have been more specific, it did list Defendant Marco Minuto's co-defendants and gave him notice of the elements of the charged offense. Accordingly, the Court finds the Indictment sufficient to inform Defendant of the charges against him. *See United States v. Diecidue*, 603 F.2d at 563 (citing *United States v. Johnson*, 575 F.2d 1347 (5th Cir. 1979)) (refusing to find prejudice in prior conspiracy cases where the government had proved overt acts not stated in the indictment or in a bill of particulars). Accordingly, it is hereby

ORDERED AND ADJUDGED that Magistrate Brown's Report is RATIFIED, AFFIRMED, AND APPROVED in its entirety.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 day of August, 2001.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

2