

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO MINUTO,

    Defendant.

## MARCO MINUTO'S SUPPLEMENTAL FILING IN SUPPORT OF HIS OBJECTIONS TO THE PSI REPORT

Marco Minuto filed objections to that portion of the PSI Report that recommends no adjustment for timely acceptance of responsibility. Mr. Minuto's position is that his actions clearly demonstrate that he has accepted responsibility for his actions and criminal conduct. As we mentioned in our initial filing, Mr. Minuto plead guilty and provided truthful information about the conduct surrounding the bookmaking business in which he was involved. He also admitted his addiction to gambling and has made a commitment to attend Gambler's Anonymous while he serves his sentence. We would like to add here two additional factors that illustrate Mr. Minuto's acceptance of responsibility:

First, Mr. Minuto provided Probation with a truthful and complete account of all prior convictions in his record. Mr. Minuto was aware that law enforcement systems in New York were down due to the terrorist attacks, and he had the option – indeed, the right – not to discuss his prior convictions with Probation. See Mitchell v. United States, 526 U.S. 314, 322-23 (1999) (holding that defendant retains Fifth Amendment right against self-

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131 ● (305) 371-6421

incrimination through sentencing; guilty plea and statements at plea colloquy do not function as waiver of right to remain silent at sentencing).

Nonetheless, Mr. Minuto was candid about his prior record; indeed, his admissions regarding his convictions are highlighted throughout the PSI Report. See PSI Report at ¶ 35 ("Since documentation of this conviction is still pending, the following information was provided by Mr. Minuto"); ¶ 36 ("Since documentation of this conviction is still pending, the information cited was provided by Mr. Minuto . . ."); ¶ 38 ("Since documentation of this conviction is still pending, the information cited was confirmed by Mr. Minuto . . . "); ¶ 39 ("Since documentation of this conviction is still pending, the information cited was confirmed by Mr. Minuto"); ¶ 40 ("Since documentation of this conviction is still pending, the information cited was confirmed by Mr. Minuto . . ."). The PSI Report assures the Court that Mr. Minuto's criminal record is accurate because Mr. Minuto and his attorney confirmed its accuracy. Id. at ¶ 40 ("This officer has spoken with the defendant and his attorney concerning the prior record information. Minuto has reviewed his arrest history with this officer, and the information provided has been included in the criminal history sections").

Mr. Minuto was under no obligation to assist the Probation Officer in determining his criminal history category. The fact that he cooperated fully with Probation in this regard, and that he confirmed the accuracy of the reported convictions, is an indication that Mr. Minuto has accepted responsibility.

The second additional fact that reflects on Mr. Minuto's acceptance of responsibility is his cooperation with Probation in disclosing his tax returns and his failure to file tax returns for the years 1996, 1997, and 2000. Indeed, the Report twice highlights the fact that Mr. Minuto admitted that he had not filed tax returns for these years. See PSI Report

at ¶ 79 ("[Minuto] acknowledged that [1998 and 1999] were the only tax returns he filed in the past five years"); ¶ 94 ("A review of [Minuto's]. . . reported financial situation and filings with the Internal Revenue Service . . . indicate that the defendant has a documented history of . . . fail[ing] to file tax returns"). Under Mitchell, Mr. Minuto could have refused to provide Probation with copies of his tax returns or with information about his IRS filings. Instead, he chose to cooperated fully and provide Probation with truthful information about his taxes.

Mr. Minuto's cooperation with Probation, combined with his truthful admission of his involvement in a bookmaking operation, his post-offense rehabilitative efforts, which include admission of his gambling addiction and commitment to attend Gambler's Anonymous, and his timely guilty plea, demonstrate that Mr. Minuto has accepted responsibility for his actions.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Ph: (305) 371-6421
Fx: (305) 358-2006

By: /s/ _____
HOWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____Nov. 12_____, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

Probation
Debra A. Speas
United States Probation Office
300 N.E. First Avenue
Room 315
Miami, Florida 33132

By: _____
**HOWARD M. SREBNICK, ESQ.**
Attorney for Marco Minuto

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131 ● (305) 371-6421