UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-CR-6088-UNGARO-BENAGES

UNITED STATES OF AMERICA,      :
    Plaintiff,                  :
                                :
v.                              :
                                :
MARCO MINUTO,                   :
    Defendant.                  :
................................:

## MARCO MINUTO'S OBJECTION TO THE PSI REPORT

THE DEFENDANT, MARCO MINUTO, through undersigned counsel, submits the following objections to the Presentence Investigation Report:

### ACCEPTANCE OF RESPONSIBILITY

Mr. Minuto has accepted responsibility for his offense. He plead guilty in a timely manner prior to trial. He has truthfully and candidly told of his criminal conduct. Mr. Minuto admitted that his actions were wrong and expressed remorse for the harm he has engendered. Mr. Minuto recognizes that he has an addiction to gambling and he is committed to long-term change. Mr. Minuto, despite his age, accepts that he should be punished. He seeks only a sentence that reflects his timely acceptance of responsibility.

Section 3E1.1 of the Sentencing Guidelines governs acceptance of responsibility.

-1-

It provides in its entirety as follows:

### § 3E1.1. ACCEPTANCE OF RESPONSIBILITY

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

   (1) timely providing complete information to the government concerning his own involvement in the offense; or

   (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (West 2000). Whether Mr. Minuto has accepted responsibility is committed to this Court's broad discretion. United States v. Howard, 923 F.2d 1500, 1505 (11th Cir. 1991). That discretion is guided by factors such as Mr. Minuto's candid admissions of guilt and of criminal conduct, his expression of remorse, his timely guilty plea, his offer of cooperation, and his commitment to recovery.

The Presentence Investigation Report indicates that Mr. Minuto has not accepted responsibility for his actions because almost one year ago, "while out on bond in the instant offense the defendant continued in ongoing criminal conduct." Presentence Investigation Report at 9-10. This oversimplifies the analysis. Although termination of criminal conduct upon arrest is *one* factor that reflects on a defendant's acceptance of responsibility, it is not the *sole* factor and it is certainly not determinative. See United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994) (stating that a district court *may* consider subsequent criminal

-2-

conduct in making acceptance of responsibility determination). In a non-exhaustive list, Application Note 1 to § 3E1.1 outlines several factors this Court considers in determining whether a defendant has accepted responsibility for his actions. With respect to Mr. Minuto, those factors include (i) Mr. Minuto's truthful admission of his involvement in a bookmaking operation; (ii) Mr. Minuto's post-offense rehabilitative efforts, which include admission of his gambling addiction and commitment to attend Gambler's Anonymous; and (iii) Mr. Minuto's timely manifestation of acceptance of responsibility. These factors far outweigh Mr. Minuto's alleged failure to immediately terminate his criminal conduct upon arrest, and provide a clear indication that Mr. Minuto has accepted responsibility for his actions.

### NO CRIMINAL HISTORY UPWARD DEPARTURE IS WARRANTED

The Presentence Investigation Report indicates that "an upward departure may be warranted pursuant to §4A1.3 . . . . [Departure under] this provision is warranted when the criminal history category significantly under-represents the defendant's criminal history category or likelihood that the defendant will commit further crimes." Id. Mr. Minuto's criminal history category II is accurate. This criminal history category adequately reflects Mr. Minuto's relatively unremarkable criminal history, and the minimal likelihood that Mr. Minuto will engage in criminal activity in the future. No upward departure is warranted.

All of Mr. Minuto's prior cases occurred in New York, and they involve minor non-violent offenses. For example, in 1968 Mr. Minuto was fined $25 for harassment; he was sentenced to five year's probation for larceny in 1970; he received a conviction and conditional discharge for promoting gambling, possession of gambling records, and disorderly conduct in 1970; fined $200 for harassment in 1979; received four year's

probation and $10,000 fine for tax evasion in 1980; was fined $400 for promoting gambling, lottery, and possession of gambling records in 1987; fined $200 for possession of gambling records in 1991; dismissed count of assault in 1980; dismissed count of harassment in 1984; dismissed or acquitted count of felony assault; and an arrest for harassment in 1989.

The PSI Report states that:

> Most of the defendant's prior criminal convictions did not result in the assignment of any criminal history points. The lack of criminal history points in this case was based on the age of the previous convictions. At this time the defendant is being assigned a criminal history category of II.
>
> It is also important to note that Minuto was arrested on May 3, 2000 and he was released on bond the following day. He was later indicted in New York for ongoing criminal activity, some of which may have reportedly occurred while he was out on bond in this case. A review of his employment history, reported financial situation and his filings with the Internal Revenue Service indicate that the defendant has a documented history of other law violations, including illegal gambling, living above his reported financial means and failure to file tax returns, as well as providing false information on the few personal tax returns he did file.

Presentence Investigation Report at 22.

The suggestion by the Probation Department that there may be grounds for an upward departure is misplaced. First, Mr. Minuto's prior cases are not serious. Section 4A1.3 intends to respond to the seriousness of criminal history. See U.S.S.G. § 4A1.3 (West 2000). Mr. Minuto's criminal history is mostly composed of non-violent petty offenses. There are several misdemeanors. He paid small fines. Some charges were dismissed. The majority relate to gambling and therefore involve no victim other than himself. Additionally, he served no jail sentences. Since there is nothing serious or egregious about Mr. Minuto's criminal history, an upward departure is not appropriate. See United States v. Carrrillo-Alvarez, 3 F.3d 316, 320 (9th Cir. 1993) (holding that upward

departure not warranted under § 4A1.3 because criminal history not egregious and comparatively serious).

Second, the Sentencing Guidelines take into account Mr. Minuto's entire criminal history. They direct that old cases should not be given criminal history points. See U.S.S.G. § 4A1.2(e) (West 2000). There are no exceptional facts that take this case outside the heartland and that permit a departure. Indeed, since Mr. Minuto's remote prior cases are contemplated by the guidelines, a departure is not warranted. See United States v. Singleton, 917 F.2d 411, 412 (9th Cir. 1990) (holding that an upward departure under § 4A1.3 is reserved for unusual cases, because the criminal history categories of the Sentencing Guidelines expressly account for a defendant's prior criminal conduct).

Third, an upward departure may not rest on the so-called "documented history of other law violations." Presentence Investigation Report at 22. Mr. Minuto's "living above his reported financial means" is not a crime. Mr. Minuto has been charged and punished for "illegal gambling" and for "failure to file tax returns." These offenses have thus been accounted for by the Guidelines. See Singleton, 917 F.2d at 412 (stating criminal history categories of the Sentencing Guidelines expressly account for a defendant's prior criminal conduct); United States v. Delvecchio, 920 F.2d 810, 813 (11th Cir. 1991) (stating departure only warranted if there is a circumstance not adequately taken into consideration by the Sentencing Commission). Admittedly, intentionally providing material false information on tax returns is a crime. Like gambling and failing to file a tax return, however, it is not "unusual" or "exceptional" when viewed within the spectrum of punishable crimes. Singleton, 917 F.2d at 412.

Fourth, the PSI report recommends an upward departure mostly based on a prior record, standing alone. Regarding at least eight of Mr. Minuto's prior cases, the PSI

-5-

Report does not provide any facts underlying the charges and conviction. See United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993) (stating that a court may not solely consider a prior arrest record in departing from the guidelines); United States v. Torres, 977 F.2d 321, 330 (11th Cir. 1992) (same); United States v. Hernandez, 160 F.3d 661 (11th Cir. 1998) (concluding that "the court abused its discretion by imposing an upward departure based on a mere list of arrests").

Finally, given Mr. Minuto's age (65), the fact that the government is not seeking a departure, and the fact that he is facing another sentencing in federal court in New York, an upward departure is unnecessary.

## CONCLUSION

At sentencing, Mr. Minuto's offense level should *not* be adjusted upward, since his criminal history category II is representative of his prior offenses and the minimal likelihood that this man of 65 years will commit other offenses. Mr. Minuto is not a future threat. His prior offenses are mostly petty, non-violent, and victimless. The government will not request such a departure. And the remoteness of his prior offenses has been contemplated by the Sentencing Guidelines.

The Court should grant a three-level downward adjustment for Mr. Minuto's open and candid acceptance of responsibility for his actions. His guilty plea was timely. Mr.

-6-

Minuto has expressed remorse. Mr. Minuto accepts that punishment is a consequence of his actions. He merely desires a sentence that reflects his acceptance of responsibility.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Ph: (305) 371-6421
Fx: (305) 358-2006

By: For C. L.

HOWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Attorney for Marco Minuto

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _Nov. 9_, 2001 a true and correct copy of the foregoing was furnished by mail to:

Michael J. Dittoe, Esq.
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Bruce A. Zimet, Esq.
Counsel for Nicolo Mariani
One Financial Plaza
Suite 2612
Fort Lauderdale, Florida 33394

William J. Hunt, Esq.
Counsel for Joseph Minuto
William J. Hunt & Associates
155 Polifly Road
Suite 200
Hackensack, New Jersey 07601

Kerry A. Lawrence, Esq.
Counsel for Chris Greco
Briccetti, Calhoun & Lawrence, LLP
81 Main Street
Suite 450
White Plaines, New York 10601

For
By: _____
HOWARD M. SREBNICK, ESQ.
Attorney for Marco Minuto